Mathews, J.
delivered the opinion of the court. This is an appeal from a decision of the parish judge, in sustaining an exception or challenge to his competency, made by one of the defendants, on account of his relationship to him.
It presents two questions for our solution. The first is a preliminary one, viz whether the decision is so far final as to be appealable from? The second brings us directly to the merits of of *293 the case, viz. does any relationship exist between the judge and the party, as legally to authorize a recusation of the former?
I. A correct decision of the first question depends entirely on the just construction of the eleventh section of the act of 1813, to organize the supreme court, and establish courts of inferior jurisdiction.
The jurisdiction of this court, being appellate only, and extending only to civil cases, is, according to the law, under consideration, to be exercised on final decisions and judgments only. As to what is to be considered as such, it has been repeated'y declared, that each case must speak for itself. If, then, no general rule can be safely laid down, on the subject, which would be applicable to all cases, perhaps the best way of coming to a just conclusion on the nature of the judgment in each case, whether final or interlocutory, is to examine its effect on the rights of the parties-and whenever it decides on them finally, in any manner, or has a tendency to work an irreparable injury, the judgment must be considered as final.
With this principle in view, we proceed to the examination of the question. In places where distinct courts of justice exist, having *294 competent, jurisdiction a suitor has a right to bring his suit before any of them-and, if there be no legal impediment, the tribunal in which he brings his action is bound to proceed to final judgment. A refusal thus to proceed, in consequence of an erroneous opinion and misconstruction of the law, on the part of the judge, is a neglect of duly and a violation of the rights of the suitor, in which he would be without a remedy, except by appeal. In the case of Agnes vs. Judice, 3 Martin, 171, much relied on by the appellees. the right of removing the suit was not contested: it was a dispute relating solely to the propriety of sending it to one or the other of two neighboring districts, and the conduct of the court was considered rather as a ministerial than a judicial act. But, in the present case, the right of the plaintiff to have the cause tried before a competent tribunal of the state in which he has chosen to bring it, was clearly put at issue; and the decision being against him, we are of opinion that he had a right to appeal, and that this court is bound to decide on the correctness or error of the judgment of the parish court, and order such relief as the case may require.
II. In considering the second question, the decision, which also depends principally on the *295 provisions of the 24th section of the act of 1817, amendatory of the several judiciary laws of the state, it is thought unnecessary to give any opinion, as to its applicability to the situation of the court a quo, which has, in civil cases, concurrent jurisdiction with the district court of the first district, believing that no relation exists between the judge, and the defendant to sustain the exception to the competency of the former.
The law authorizes the recusation of a judge, who is related to either of the parties, in the fourth degree of the collateral line. This rule, it might he supposed, is intended for the benefit of the party not related, and if he waves. it, the reason why the other should be permitted to avail himself of it, is not very evident. But, as the expression is general, of a relation to either party, and as there may be good reason for the unwillingness of a person to submit his case to the judgment of a kinsman, perhaps it was the intention of the legislature to give the right of challenge to either party. It might also be questioned, whether this right extends to any relation except such as exists by consanguinity, which we do not decide, being of opinion that there is no relation, even by affinity. between the judge and the defendant.
It appears that their wives, are related col- *296 laterally by consanguinity in the fourth degree. Are the husbands related by affinity in the same degree? To solve this question, it is proper to resort to the rules and definitions of the civil law and it is there found, that the only kind of affinity, known to the Roman law, is that which exists between one of the parties joined by marriage, and the relations of the other, and this alone, properly speaking, is affinity. Neessitudo inter unum e conjugibus, & alterius cognatos, 1 Pothier, Marriage n. 161.
Moreau for the plaintiff, Livingston for the defentdants.
From this view of the case, it is believed, that no relation exists, between the judge and the defendant, which ought to hinder the former, from proceeding to adjudge the cause finally.
It is, therefore, ordered, adjudged and decreed, that this cause be sent back to the parish court, and that said court, do proceed to hear and decide it, in the ordinary manner, and it is further ordered, that the appellees pay costs.