## HERBERT *v*. BENSON.

Any individual member of a town corporation may sue for the abatement, as a nuisance, of a warehouse erected by an individual, for his private emolument, on the bank of a navigable stream within the corporate limits. *Per Curiam:* Public places within the limits of a corporation cannot be appropriated to private use; and individual corporators, as well as the officers of the corporation, have a right to prevent such appropriation, and to sue for the demolition and removal of the buildings. Art. 859 of the Civil Code does not authorise the erection of buildings for private emolument.

Municipal corporations are not established for the exclusive advantage of the corporators, but for the public at large; and an agreement by which a person is permitted to erect a warehouse on a public-place, authorizing him to exact from other inhabitants of the parish any rate of storage provided none was claimed from the corporators, is not one intended for the public utility.

APPEAL from the District Court of St. Martin, *Overton*, J.

*Brent*, for the appellant, cited 3 Mart. 296, 496, 303.   11 Ib. 620.   2 Ib. N. S. 317.   Greiner's Dig. Laws of La. art. 2936; act of 1808.   5 Mart. N. S. 410.   3 Ib. N. S. 140.   5 La. 145, 132, 174.   1 La. 153.   13 Ib. 328, 331. 18 Ib. 286.   10 Rob. 357.   Act of 1809, ch. 13, s. 2.

*Simon*, on the same side.   The judgment below should be reversed.   The warehouse erected by defendant, was not constructed for any purpose of public utility, in the meaning of art. 859 of the Civil Code.   The use of the banks of navigable streams is public.   C. C. 446.

*Olivier*, for the defendant, urged that the erection of the warehouse was legal, under the authority conferred on town corporations by art. 859 of the Civil Code, which limits the effect of art. 446.

The judgment of the court was pronounced by

ROST, J.   The object of the suit is the abatement of a nuisance.   The defendant applied to the mayor and city council of St. Martinsville, for leave to erect a warehouse on the bank of the bayou Teche, which is a navigable stream, offering to store the freight of the planters free from charge, provided they gave him the storage of their crops.   This application appears to have been referred by the corporation to the District Court, which determined that the land on which the petitioner proposed to erect the warehouse was a public place, which the corporation had no power to dedicate to private use.   The application was then rejected; but subsequently an ordinance was passed authorising the defendant to erect a warehouse at his peril and risk, without any warranty whatever from the corporation, and on the express condition that he should store, free from charge, the goods of the corporators—and that he should pay an annual rent of fifty dollars for the land.   It was further stipulated that thereafter the defendant should at all times be bound to remove the warehouse at his own expense, upon three months' previous notice from the corporation, and that, in case of any complaint being made, he should be prepared at all times to remove it.

At the end of the first year the defendant having refused to pay the rent stipulated, the corporation repealed the ordinance authorising the erection of the warehouse, and caused notice to be given to the defendant to remove the said warehouse within three months, and that, if he failed to do so, it would be demolished and removed at his expense.   The warehouse was erected on a portion of the quay in front of a house and lot owned by the plaintiff, who has

instituted this action to have it demolished and removed. There was judgment in favor of the defendant, and the plaintiff appealed.

It is conceded by the defendant, in his application to the corporation, that the place upon which the warehouse was proposed to be, and was subsequently, built, was a public place. It has been so often and so uniformly held by the former Supreme Court, that public places within ·the ·limits of a corporation cannot be appropriated to private use, and that individual corporators, as well as the officers of the corporation, have the right to prevent such appropriation, and to sue for the demolition and removal of buildings erected on them by individuals, that the question can no longer be considered an open one. Article 859 of the Louisiana Code, which provides that corporations of cities, towns, and other places, may construct on the public places, in the beds of rivers, and on their banks, all buildings and other works which may be necessary for public utility, for the mooring of vessels, and the discharge of their cargoes, does not authorise the erection of buildings for private emolument. Municipal corporations are not established for the exclusive advantage of the corporators, but of the public at large, and an agreement which enabled the defendant to exact from the other inhabitants of the parish any rate of storage he might see fit to ask, provided no storage was claimed from the corporators, was not intended for public utility.

We are unable to perceive on what grounds the defendant rests his preten · sions. The conditional ordinance authorising him to erect a warehouse has been repealed. He has been notified to remove it, and the corporation have the power at any time to cause it to be removed at his expense.

The plaintiff is entitled to a judgment. It is therefore ordered that the judgment in this case be reversed, and that there be judgment in favor of the plaintiff; that the warehouse mentioned in his petition be demolished, and the materials removed at the defendant's expense; the said defendant paying costs in both courts.