Statement of the Case.
MONROE, J.
Plaintiff alleges that he is a taxpayer of the parish of St. Bernard, residing on Mehle street, and that the defendants, the St. Bernard Rendering & Fertilizing Company and Wm. L. Mehle, are maintaining a nuisance in his neighborhood, which makes his residence well nigh uninhabitable and life a burden to his family and himself, for this, to wit:
That said company operates a rendering •establishment, of which said Mehle is the owner and lessor, and also a rail or tram way extending from said establishment to and along Mehle street, and in front of petitioner’s residence; the rails of which are laid on the street and banquette, and thereby obstruct the use of and traffic upon the same, and constitute a nuisance which affects petitioner personally, and is detrimental to his property; that defendants are now using said tramway for conveying the carcasses of dead animals from a point, opposite to petitioner’s residence; to which they are brought in carts, to said establishment; that it has been their •custom to allow said carcasses to remain on the carts all night and transfer them to the cars on the following morning, and that the stench arising therefrom is so intolerable as to deprive petitioner and his family of sleep and to threaten them with pestilence; that he has remonstrated but to no purpose; .and that he has sustained damage, through inconvenience and discomfort, to the amount •of $2,000, and through detriment to his property to the amount of $500. He therefore prays that said tramway be decreed a nuisance, and that defendants be injoined from using,'and ordered to remove, the same; or, in default of their so doing, that it be removed by the sheriff. The answer is a general denial. There was judgment in the district court rejecting plaintiff’s demand, entirely, as to Wm. L. Mehle (who was not shown to be in any way connected with the matters complained of), and rejecting the demand, as against the company, that the tramway be decreed a nuisance, but holding that the said company had inflicted injury upon plaintiff by the manner in which its business has been conducted, to the extent of $50, and from the judgment so rendered, plaintiff has appealed, and the defendant company has answered, praying that said judgment 'be amended by rejecting the demand altogether.
From the evidence it appears that Mehle street runs from the river in the direction of the lake, and is, approximately, 60 feet wide, including the banquettes (or space intended for banquettes); that plaintiff’s residence is situated on the upper side of the street, about two squares from the river, and immediately opposite to the premises of Mr. Oliver Patton (who is connected with the defendant company), in which premises a terminus of the track (or tramway, as it is called) here complained of is situated; the other terminus being at the factory (meaning the defendant’s rendering establishment). The distance from the property line on the upper-side of the street to the track is 45 feet, and from the property line on the lower side of the street to the track, say 15 feet, though in some places, it seems to be less. There is a bridge or wooden causeway, extending from Patton’s place out to the track, upon which carts, containing dead animals are driven, and their burdens are there shifted to the cars, and, by the latter, conveyed to tile factory, which is some distance back in the direction of the lake. The business as *89 thus conducted is, at best, exceedingly offensive, both to sight and smell, and is rendered more so by the fact that when the carts arrive after a certain hour in the evening the shifting of their loads is deferred until next morning, and the surrounding atmosphere is, in the meanwhile, surcharged with an insufferable stench. The track in question, situated as it is upon the lower side of the street, does not obstruct travel along the roadway, but. as the cross-ties and rails stand boldly above the level of the ground, it is impossible to cross it with vehicles and inconvenient to pedestrians, and the owners of property on that side are debarred the use of or privilege of making a banquette, and are compelled to get in and out of their premises through openings on other streets (the next parallel street, or cross street).
The defendant undertakes to show a grant from the police jury, but it appears that the records have been lost, and the most that was done (over the objection of the plaintiff) in that direction was to produce a copy of the official journal of the parish in which, as part of the proceedings, on June 1, 1891, the following appears, to wit:
“Communication from T. Patton asking leave to lay railroad track from factory to slaughter house was received and granted.”
It is not pretended that the track here in question runs to the slaughter house, and if there is anything in the transcript before us which connects the defendant company with the indefinite grant thus made it has escaped our attention. It appears that within the past 18 months a petition, signed by a number of property holders, was presented to the police jury, making the same complaints as are made in the petition herein filed; that a counter petition was presented, representing that the track is a convenience to the neighborhood; that the police jury referred the matter to the board of health, and that so far nothing has been done. It also appears that the defendant uses the railway in question only now and then; that is to say, in bad weather; and that during the greater-part of the year, it gets the carcasses to the factory by some other route, or means of conveyance. It also appears that matters were as they are now when plaintiff, several years ago, built, or bought, the house which he now occupies, and, though that complained of is paramount, that there are about as many other bad smells in the neighborhood as in the city of Cologne.
Opinion.
The proceedings of the police jury relied on as showing the grant of a franchise were inadmissible, under the pleadings, and should have been excluded. They, however, prove nothing to the point, for the reason (among others) that neither Mehle street nor any other public highway is mentioned. Moreover, the grant, upon its face, purports to be made for the personal benefit of the grantee, and the police jury was without authority to turn over a street, or highway, to an individual. Civ. Code, arts. 453, 458; Mayer v. Metzinger, 3 Mart. (O. S.) 296; Hebert v. Benson, 2 La. Ann. 770; Bradley et al. v. Pharr, 45 La. Ann. 426, 12 South. 618, 19 L. R. A. 647; Elliott on Roads & Streets, 565.
Even had the defendant been authorized to make use of the street or highway for the purpose of its business, it would be liable for the injury sustained by reason of the manner in which that business was conducted. Chicago & G. W. R. R. Co. v. First Methodist Church, 102 Fed. 85, 50 L. R. A. 488, 42 C. C. A. 178; Froelicher v. Oswald Iron Works, 111 La. 706, 35 South. 821, 64 L. R. A. 228.
It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be reversed and amended, in that the tramway referred to in the petition is now decreed to be a nuisance, which is to be removed from Mehle street by the defendant, the St. Bernárd Rendering & Fertilizing Company, *91 or by the sheriff at the expenses of that company. It is further decreed that in other respects said judgment be affirmed; the St. Bernard Rendering & Fertilizing Company to pay all costs.