Lawrence Berry was convicted of crime, and appeals. Affirmed.

James Wallace Baker and Thomas Klein, for appellant. Walter Guion, Atty. Gen., and Leland Hugh Moss, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

PROVOSTY, J. The only matter submitted for review in this case is contained in a bill of exception which the trial judge refused to sign as having been presented too late under the rule of his court.

That a judge may refuse to sign a bill thus presented to him after the expiration of the delay fixed by the rule of his court for the presentation of bills, and that such an unsigned bill presents nothing for review, was decided in State v. Lee, 116 La. 607, 40 South. 914.

Judgment affirmed.

----

(47 South. 597.)

No. 17,260.

STATE v. MORRIS.

(Nov. 16. 1908.)

CRIMINAL LAW (§ 1144*)—APPEAL—REVIEW—RECORD.

Where the evidence on which a person charged with crime has been found guilty is not in the record, the appellate court must assume that the evidence taken on his trial authorized the conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3031; Dec. Dig. § 1144.*]

(Syllabus by the Court.)

Appeal from Ninth Judicial District Court, Parish of East Carroll; Francis Xavier Ransdell, Judge.

J. T. Morris was convicted of unlawfully selling liquor, and he appeals. Affirmed.

David Mandeville Evans, for appellant. Walter Guion, Atty. Gen., and Jefferson Bris-coe Synder, Dist. Atty. (James Henry Gilfoil, Jr., and Ruffin Golson Pleasant, of counsel), for the State.

NICHOLLS, J. An information was filed on June 28, 1908, against defendant charging him with unlawfully retailing liquor in the parish of East Carroll, on June 21, 1908. On June 29th he was tried by the district judge, was found guilty as charged, and sentenced to pay a fine of $305 and costs, and in default thereof to be confined in the parish jail for a period of four months. On July 29th he was granted an appeal to the Supreme Court.

On the 28th of July, 1908, the defendant filed a motion to quash the information to dismiss for want of jurisdiction on the ground that:

"First. He is a resident of the state of Mississippi, and is the owner of a certain vessel, the Island Queen, plying the waters of the Mississippi river, a navigable stream, and dividing the states of Louisiana and Mississippi; that said vessel or boat is a regular packet duly licensed to carry freight and passengers between Peeler's Landing, Miss., and Vicksburg, including all way landings on the Louisiana and Mississippi shores between points aforesaid; that said boat is a common carrier of freight and passengers, and is now and has been making regular trips between points aforesaid; that said boat is of a ten-ton capacity and is duly licensed by the United States government and enrolled as such under the laws of the United States government, with her home port at the city of Vicksburg, Miss.; that said boat is engaged in interstate commerce. Wherefore mover shows to this honorable court that the Nineteenth district court of Louisiana is without jurisdiction. Wherefore mover shows that the information is further defective and bad in that it fails to charge any offense known to the laws of Louisiana. He therefore prays that the indictment be quashed and that he be discharged from the further custody of the sheriff of East Carroll parish and for general relief."

The motion was taken up and tried, and same overruled, to which ruling defendant reserved a bill of exceptions.

The bill filed under this reservation merely recites the fact that the plea to the jurisdiction was filed, taken up, tried, and over-

ruled, and that the defendant reserved a bill.

The judge at the foot of this bill makes the following addendum:

"Plea to the jurisdiction filed in this case was overruled, because there was no evidence introduced on the subject; nothing to sustain the plea; nothing for the court to act upon; nothing to do but to overrule it.

"And evidence on the trial of the case in the opinion of the court unquestionably gave this court jurisdiction."

On the 29th of July, defendant moved for a new trial on the ground:

"(1) That the verdict is contrary to the law and the evidence.

"(2) That the defendant herein being the owner of a certain boat, the Island Queen, duly enrolled and registered at the city of Vicksburg, Miss., which is a port of entry and is her home port, and for the further reason said defendant is a resident of the state of Mississippi; that said vessel is and has been plying the waters of the Mississippi river between Peeler's Landing, Miss., and Vicksburg, Miss., and making all way landings between Louisiana and Mississippi, making all landings between said points; that said defendant is therefore engaged in interstate commerce; and that, if any license is due to the local authorities, such license is due and collectible at the defendant's domicile or the vessel's home port.

"Prays that a new trial be granted and for all such orders of relief necessary in the premises."

The motion for a new trial was overruled by the court, and defendant reserved a bill. The bill filed under this reservation merely recites the fact that a motion for a new trial was asked on the grounds stated, that it was overruled, and a bill of exception was reserved.

The judge in his addendum to the bill states that the motion for a new trial was overruled because defendant's counsel failed to satisfy the court, by evidence or otherwise, that defendant was entitled to a new trial.

The two bills of exception above referred to are copied in the transcript. They were both signed on the 8th of August, 1908, after defendant had applied for and obtained an appeal to the Supreme Court.

No brief has been filed on behalf of the appellant.

Counsel for the state call our attention to State v. Hauser, 112 La. 328, 36 South. 396, and State v. Ruffin, 117 La. 357, 41 South. 647, and urge that the bills of exception taken in this case were signed too late and should not be considered.

Even were they to be considered, defendant's position before the court would not be bettered. They bring nothing before us which would enable us to declare that the ruling and action of the trial judge were erroneous. We know nothing of the facts of the case, and must assume that the evidence taken in respect to them was such as to authorize the conclusions reached by the district judge. State v. Burton, 106 La. 732, 31 South. 291; State v. Warren, 117 La. 86, 41 South. 361; State v. Tiernan, 40 La. Ann. 525, 4 South. 477; State v. Fields, 51 La. Ann. 1239, 26 South. 99.

The mere fact that defendant may have been owner of a steam vessel plying between Peeler's Landing, Miss., and Vicksburg, Miss., including all way landings on the Louisiana and Mississippi shore, between said points, has of itself no bearing upon the question as to whether defendant was guilty or not guilty as charged.

We find no ground for reversing the judgment appealed from. It is hereby affirmed.