No. 6831.

# IRMA VIERING ET ALS. vs. N. K. FAIRBANKS CO.

## Syllabus.

1. A defendant, whose exception to the jurisdiction of the District Court has been overruled, but who subsequently has judgment in his favor on other grounds, waives the exception when in an answer to the appeal, and without first reserving the benefit of the exception, he prays that the judgment in his favor be affirmed.

2. A property owner may, without formal and express averment of special injury, maintain an action to abate a nuisance, such as the removal of an unauthorized obstruction in the sidewalk and street directly in front of his property, where the apparent and necessary consequence of the obstruction is to cause him peculiar damage not suffered by the public generally.

3. The statutory remedy of an individual to suppress a nuisance by mandatory injunction is not exclusive but cumulative, and merely supplementary to his ordinary action in damages for the injuries sustained. Consequently the fact that the injury is compensable in money is no bar to the injunction.

4. Section 15 of Act 136 of 1898, as amended by Act 111 of 1910, does not authorize the City of Gretna to grant to an individual the right to erect and maintain on the public thoroughfare of said city a permanent obstruction devoted exclusively to his strictly private business.

Appeal from the Civil District Court, Parish of Orleans, No. 115,735, Division "E," Honorable George H. Théard, Judge. Reversed and remanded.

Reversed and remanded.

Frank W. Hart, for plaintiff and appellant.

Miller, Miller & Fletchinger, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendant first pleaded to the jurisdiction of the Civil District Court; and upon this plea being heard and overruled, filed the exception of no cause or right of action. This latter exception was sustained and plaintiff thereupon prosecutes the present appeal.

The plea to the jurisdiction, which simply raises the question of whether defendant should be used in the Civil District Court of Orleans Parish or in the District Court of Jefferson Parish, has been waived and need not be considered here, for in its answer to the appeal in this Court, defendant has prayed for an affirmance of the judgment maintaining its exception of no cause of action, without first reserving its plea to the jurisdiction.

Plaintiffs are seeking a mandatory injunction ordering the removal of certain posts placed and maintained in and on the sidewalk in front of their property in the City of Gretna by defendant and used by the latter for the purpose of anchoring guy ropes or wires leading to and supporting the smoke stacks of its plant or enterprise for the manufacture of lard and other products located directly across the street from plaintiff's property.

It is charged that the petition states no cause of action because plaintiffs fail to allege any damage or injury peculiar to themselves and not suffered by the public at large by reason of these obstructions in the sidewalk and street.

Plaintiffs, however, do allege that these posts, measuring some twelve inches in diameter and ten feet in height, each laid in a concrete bed of a superficial area of more

131

than 10 feet, are unsightly, interfere with and are a menace to the full and free use of the sidewalk and prevent the planting of trees and grass in and about that portion of the sidewalk in which these obstructions are placed.

While it is true that plaintiffs in their petition do not use the words "special or peculiar injury," or like expression indicating merely their appreciation of the effect of the conditions stated, yet the natural and necessary consequence of the facts alleged to exist, that is, of maintaining unsightly poles and wires on the sidewalk and street directly in front of their property, impeding the full and free use of the public thoroughfare and interfering with its embellishment by the planting of trees, grass and the like, is not only to depreciate the value of their property but to retard its enhancement—a consequence clearly not common to others whose property is not similarly situated.

The cases in this State are numerous where the right of the proprietor to abate a nuisance on the public thoroughfare in front of his property has been sustained and in at least one case it has been directly held that no special or peculiar injury need be alleged or proved.

Dudley vs. Tilton, 14 A. 283.
Herbert vs. Benson, 2 A. 770.
Bell vs. Edwards, 37 A. 475.
Kuhl vs. St. Bernard, 117 La. 86.
Porche vs. Barrow, 134 La. 1090.
Bradley vs. Pharr, 45 Ann. 426.

The defendant's further contention is that no right to an injunction is disclosed because the petition affirmatively recites that plaintiffs' injury is susceptible of compensation by a money judgment.

But the principle that an injunction will not lie when a suit at law in damages affords an adequate remedy has no application here. For in this State, at least, the alleged unauthorized erection and maintenance upon the public thoroughfare in front of an individual's property of a permanent obstruction devoted exclusively to a strictly private purpose, constitutes a violation of a property right of the individual; and the strictly statutory remedy expressly granted to him of a mandatory injunction to suppress the nuisance is not exclusive but cumulative, and merely supplementary to his ordinary action in damages for the injuries sustained.

> *Dudley vs. Tilton,* **Supra.**
> *Kuhl vs. St. Bernard Co.* **Supra.**

Finally, even if it be true as suggested, that as to some of the posts and wires at least, defendant is acting under an express grant from the City of Gretna, this nevertheless would afford it no protection. For the authority reposing in said municipality "to exercise full jurisdiction in the matter of streets, sidewalks," etc., (Section 15, Act 136 of 1898, as amended by Act 11 of 1912), would not sanction the grant of the right, such as is alleged here, of erecting and maintaining the permanent obstructions devoted exclusively to a strictly private enterprise.

> *Mayonne vs. Keegan,* 117 *La.* 670, and authorities heretofore cited.

The judgment is accordingly set aside and reversed, the exception of no right or cause of action is rejected and dismissed and the suit is now remanded for further proceedings according to law, defendant paying the costs of appeal, and all other costs awaiting the final determination of the cause.

Reversed and remanded.

Opinion and decree December 18th, 1916.

Rehearing granted January 22nd, 1917.

---

### Syllabus.

### On Rehearing.

Under Section 26 of the General Corporation Law (Act 267 of 1914), which repeals all articles of the Code of Practice with reference to the venue of suits against corporations, an action for the abatement of a nuisance or trespass committed or maintained by a foreign corporation in the Parish of Jefferson may, at the option of the plaintiff, be brought against the corporation in the Courts of New Orleans, the parish of the residence of the corporation's agent for service of process.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This suit, brought in the Civil District Court of the Parish of Orleans, the domicile of defendant corporation's agent for service of process, is clearly one founded upon an alleged trespass or nuisance committed and maintained by defendant in the Parish of Jefferson. That a defendant may in such a case forego or waive its alleged right to be sued in a parish other than that wherein the trespass occurrs has been but recently held.

> *Bernstein v. Dalton Clark Stave Co.,* 122 *La.,* 413.

And this decision in our opinion conforms to the prevailing authority which in effect holds that statutes fixing the venue of a cause in a particular parish, though imper-

ative in terms, are nevertheless not mandatory, but merely confer a personal privilege upon a defendant which he may waive; in other words, that they are not essentially jurisdictional, but rather provide mere rules of procedure.

40 *Cyc., pp.* 41 *et seq., Title, "Venue"*.

However that may be, we have upon the rehearing examined the question of whether or not the Civil District Court is vested with jurisdiction to hear and determine an action, such as this, to abate or enjoin an alleged trespass or nusiance committed and maintained in the Parish of Jefferson and we conclude that it is.

For whether the case might formerly be governed by Section 8 or 9 of C. P. 165, is now immaterial, since the General Corporation Law (Act 267 of 1914), as its title indicates and its provisions prescribe, covers the whole field of venue of suits against corporations and its express effect is to repeal and supercede all other laws upon that subject. And Paragraph D of Section 26 of the statute in unmistakable terms prescribes that where, as in this case, a foreign corporation has established an office in a parish other than that wherein its agent for service of process resides, the venue of suits against it arising from trespass, or an offense or quasi-offense, shall, at the option of plaintiff, be either in the parish of the residence of the corporation's agent for service of process or in the parish wherein the cause of action arose. See also Paragraph F of Section 26.

We are satisfied that in this as well as in other respects our former opinion and decree were correct and the same are accordingly reinstated and made the final judgment of this Court.

Former opinion and decree reinstated.

Opinion and decree, April 2, 1917.