(83 South. 586)

No. 22345.

## HOWCOTT v. RUDDOCK–ORLEANS CYPRESS CO.

(Dec. 1, 1919. Rehearing Denied Jan. 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS ⬷⇒697(4)—PETITION TO REMOVE STREET OBSTRUCTIONS DESCRIBING STREETS ONLY BY NAME SUFFICIENT.

A petition to remove obstructions from certain streets which describes the streets only by naming them is sufficient where the streets are all laid off on city maps which give their exact location, dimensions, etc.

2. MUNICIPAL CORPORATIONS ⬷⇒697(2)—PRIVATE PERSON MAY SUE TO REMOVE STREET OBSTRUCTIONS.

A private person may sue to cause removal of obstructions from a public street.

3. MUNICIPAL CORPORATIONS ⬷⇒697(2)—PRIVATE PERSON SUING TO REMOVE STREET OBSTRUCTIONS MUST SHOW SPECIAL INJURY.

A private person to maintain a suit to remove obstructions from a public street must show some injury peculiar to himself.

4. MUNICIPAL CORPORATIONS ⬷⇒697(2)—LACK OF BRIDGE ON OBSTRUCTED STREET DOES NOT NEGATIVE INJURY TO ABUTTING OWNER.

Where a private property owner sued to compel removal of obstructions on streets giving access from her property to a car line, the fact that there was no bridge on such streets across a canal between plaintiff's property and the car line, but was on a street giving indirect access, does not negative special injury to plaintiff by the obstruction.

5. MUNICIPAL CORPORATIONS ⬷⇒697(2)—UNIMPROVED PROPERTY IS INJURED BY OBSTRUCTION OF STREET LEADING THERETO.

The obstruction of a street giving access to plaintiff's property from a car line specially injures plaintiff, though her property is vacant, since it renders the property unavailable for buildings.

6. MUNICIPAL CORPORATIONS ⬷⇒697(2) — PLAINTIFF NOT SPECIALLY INJURED BY OBSTRUCTIONS ON CROSS STREETS.

Obstructions on cross streets which do not touch plaintiff's vacant property do not cause her such special injury as to entitle her to maintain suit to cause their removal.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit by Edith E. M. D. Howcott against the Ruddock-Orleans Cypress Company. Judgment for plaintiff, and defendant appeals. Judgment amended, and, as amended, affirmed.

Robert J. Perkins and Clifford E. Hays, both of New Orleans, for appellant.

Wm. Winans Wall, of New Orleans, for appellee.

PROVOSTY, J. Plaintiff owns the following squares in this city: No. 532, bounded by Cambronne, Edinburg, and Joliet streets and the right of way of the Illinois Central Railroad; No. 553, bounded by Edinburg, Joliet, Palm, and Leonidas streets; No. 576, bounded by Palm, Joliet, Stroelitz, and Leonidas; No. 575, bounded by Palm, Leonidas, Stroelitz, and Monrose; No. 574, bounded by Palm, Monrose, Stroelitz, and Eagle; No. 575, bounded by Stroelitz, Eagle, Palmetto, and Monrose; and No. 594, bounded by Stroelitz, Leonidas, Monroe, and Palmetto. The streets here named exist as yet in that part of the city only on paper; the land being used for pasturage. Three of these streets lead directly from plaintiff's squares to Carrollton avenue, on which is a street car line, and which affords the only access to plaintiff's squares, since the distance to the built up part of the city is too great in any other direction. These three streets thus leading to Carrollton avenue are Stroelitz, Palm, and Edinburg. They are obstructed or closed by the sawmill plant of the defendant company, which occupies squares 590, 591, 582, 577, 578, 579, 552, 551, and 550, including the parts of streets between these squares and part of Joliet and Leonidas. The object of the present suit is to compel the defendant company to remove the obstructions thus placed by it on said streets.

[1] The petition does not describe the streets further than by their names; it does not give their width; and defendant made this a ground of exception, because of supposed vagueness and insufficiency of description. But these streets are all laid off on the city maps; their exact location, dimensions, etc., are not a matter of dispute. An allegation, for instance that the defendant is obstructing Canal street would not need to give the dimensions of that street in order to be sufficient.

[2] Next, defendant challenged the right of a private person to maintain a suit to cause obstructions to be removed from a public street. But the contrary is not open to doubt. C. C. 861; Louisiana Construction Co. v. I. C. R. R., 49 La. Ann. 539, 21 South. 891, 37 L. R. A. 661; Bell v. Edwards, 37 La. Ann. 475; Herbert v. Benson, 2 La. Ann. 770; Shepherd v. Third Municipality, 6 Rob. 349, 41 Am. Dec. 269; Mayor, etc., of N. O. v. Gravier, 11 Mart. (O. S.) 620; Mayor, etc., of N. O. v. Metzinger, 3 Mart. (O. S.) 296; Allard et al. v. Tobau, 2 Mart. (N. S.) 317.

[3] We agree with defendant, however, that for being allowed to champion the rights of the public in that manner the complainant must show some injury peculiar to himself.

[4] Such injury plaintiff fails to show, defendant contends, because a drainage canal 50 feet wide runs along Dublin street, which is the street next to Carrollton avenue between that avenue and plaintiff's squares, and there are no bridges opposite the said obstructed streets—Stroelitz, Palm and Edinburg—to carry them over this canal; whereas there is a bridge opposite Palmetto, which is the parallel street next above, or north, of the said obstructed streets, and also on Olive, which is the parallel street next below, or south, and there is a road on each of these two streets, which affords access to plaintiff's squares.

The access thus afforded is roundabout, and lengthens considerably the distance between

plaintiff's squares and the car line on Carrollton avenue. These squares are not so distant from this car line as not to be available for residential purposes if rendered easily accessible. One of them is three blocks from the avenue; two others, four blocks; two more, five blocks; and the remaining two, six blocks. So long as defendant's sawmill plant occupies the three streets leading to Carrollton avenue, the city will certainly not build bridges to carry them over the drainage canal; and plaintiff's squares will certainly not be very eligible building sites as long as thus cut off from access to a car line.

[5] Another suggestion made why plaintiff is supposed to suffer no injury from the obstruction of these streets is that the locality where the squares are is as yet open land, not built up; but, as just stated, the squares will never be available for building if the obstructions in question are not removed.

[6] Plaintiff is also entitled to have the cross streets on which her squares abut left free of obstruction. We do not see, however, in what way plaintiff can be injured by the obstructions on Cambronne, Dante, and Dublin streets, which parallel Carrollton avenue and do not touch plaintiff's squares nor lead to them.

The judgment appealed from is amended so as to strike therefrom the following:

"(3) Dixon street from Carrollton avenue to Monrose street; * * * (5) Dublin street from the I. C. R. R. to Palmetto street; (6) Dante street from the I. C. R. R. to Palmetto street; (7) Cambronne street from the I. C. R. R. to Palmetto street"

—which streets were ordered opened by the judgment appealed from; and that said judgment be further amended by allowing two months from the date on which the present judgment shall become final for the removal of the obstructions in question and that, as thus amended, it be affirmed; defendant to pay the costs of the lower court and plaintiff those of this appeal.