Plaintiffs, husband and wife, brought this suit against Mrs. Evelyn N. Robinson and her husband, John M. Robinson, seeking by mandatory injunction to have these defendants remove any obstructions such as hedgerows or fences that they have upon an alleged public street in the City of Hammond. In the suit, they further seek mandatory injunction against the City of Hammond ordering and commanding the said city to open the said alleged street for a width of 60 feet.
The defendant City of Hammond filed an answer to plaintiffs' demand in the nature of a general denial. The defendants Robinsons filed exceptions of no right and of no cause of action. These exceptions were sustained by a written judgment on June 30, 1947. Thereafter, on September 30, 1947, the City of Hammond likewise filed an exception of no right or cause of action. This exception was argued and submitted, and on October 24, 1947, according to the minutes, the exception was maintained. However, there is no signed judgment sustaining the exception. Plaintiffs have appealed from the judgment in favor of the Robinsons of date of June 30, 1947. Therefore we are concerned, on this appeal, only with the correctness of this judgment.
[1] In determining the question of whether or not plaintiffs' petition discloses a cause or right of action, all well pleaded facts contained in the said petition are to be taken as proved. In the petition it is alleged that plaintiffs are the owners of a certain lot or parcel of land in the City of Hammond containing 5.27 acres; that the said lot or parcel of land forms Block 156 of Cate's Addition to the City of Hammond; that a map of said subdivision was duly recorded in the Conveyance Records of the Parish of Tangipahoa and was adopted, recognized and declared to be the official map of said Cate's Addition by the City of Hammond by an ordinance duly adopted and recorded in the Conveyance Records of the Parish of Tangipahoa; that the said map shows that there was a dedication to the public for public good and public purposes a certain Robert Street measuring 60 feet in width running in a westerly direction between and dividing blocks 155 and 156, extending to the western limits of the said blocks; that the said street is now open and improved by the City of Hammond up to the eastern limits of the said blocks 155 and 156; that the defendants, Mrs. Evelyn N. Robinson and or her husband, John M. Robinson, are the owners of Block 155 of the said Cate's Addition to the City of Hammond, and, as such, have hedgerows as fences across and are claiming a part of the said Robert Street; that plaintiffs have subdivided Block 156 into lots fronting onto Robert Street, but they have been unable to sell any of these lots or have access for use of their property due to defendants Robinsons claiming part or all of the said Robert Street separating blocks 155 and 156 and the obstructions placed across the said street by the said defendants.
In the case of Kemp v. Town of Independence, La. App., 156 So. 56, we held that the recordation of a plan or plat of land and the acceptance thereof by a municipality was sufficient dedication to recognize the ownership of streets so dedicated to the said municipality, and that such streets so dedicated were from the moment of *Page 86 
dedication out of commerce and not subject to individual or private ownership and the form of dedication is of no consequence. We further held that "where the land is dedicated, as a street, for public purposes * * *, from the moment of the dedication, the owner is completely and irrevocably divested of his title thereto and the title thereupon is vested in the public for common use, as are public things, under the provisions of Article 454, C.C. and which are subject to the administration of cities, towns, villages, or municipalities where such streets happen to be situated."
[2] Under the facts as alleged, in this case, and in accordance with our holding in the Kemp case, supra, and the cases therein cited, we are firm in the conclusion that the strip of land on Robert Street through its whole length, necessarily including its portion dividing Blocks 155 and 156, has been dedicated to public use.
[3] In oral argument and in brief, defendants Robinsons' sole contention is that it rests solely within the discretion of the City of Hammond as to when a street should be opened. In other words, that the control of the streets of the City of Hammond is vested in the Commission Council of that city. In effect, they challenge the right of plaintiffs to maintain the suit to cause obstructions to be removed from a public street. It may be true that the control of the streets of the City of Hammond is vested in the Commission Council of that city and that it lies solely in the discretion of that council as to the opening of a street, yet the fact remains that Robert Street is well laid off on the official map of the Cate's Addition, which it is alleged has been recorded and accepted by ordinance of the City of Hammond. It does not lie within the province of the defendant to champion the defense of the City of Hammond. However, it is now settled that a private person can maintain a suit to cause obstructions to be removed from a public street whenever he shows some injury peculiar to himself. Howcott v. Ruddock-Orleans Cypress Co., 146 La. 318, 83 So. 586, and the cases therein cited. In this case, plaintiff has alleged some injury peculiar to himself, and has the right to prove it.
The exceptions of the defendants, Robinsons, should have been overruled.
For these reasons, the judgment appealed from is annulled, reversed and set aside. The exceptions are overruled, and this case is hereby remanded to the lower court for further proceedings; the costs of this appeal to be paid by defendants-appellees, and all other costs to await the final termination of the case.