| iKLIEBERT, Chief Judge,
concurring.
I concur in the results reached by the majority, although not for the same reasons.
In my view, this case turns on whether or not the land purchased by the Parish, which includes the right-of-way, had been dedicated to public use. Our jurisprudence recognizes two forms of dedication of land to public use; formal (statutory) dedication, and implied (common law) dedication. City of Baton Rouge v. State National Life Ins. Co., 271 So.2d 571 (La.App. 1st Cir.1972), writ refused 274 So.2d 709 (La.1973). In a common law dedication, there must be shown a definite intent to dedicate on the part of the landowner and an acceptance by the public. The minutes of the Jefferson Parish Police Jury, whose resolution authorized the expenditure of funds for the acquisition of the land, recited clearly that the acquisition was for the purpose of the Veterans Boulevard right-of-way. Street rights-of-way are considered public things. Giardina v. Marrero Furniture Company, Inc., 310 So.2d 607 (La.1975). Furthermore, subsequent re-subdivision plans of property adjacent to the right-of-way refer to the disputed land as public. Under prevailing jurisprudence, these aforementioned acts by the governing authority *1091 are sufficient to constitute a common law dedication to public use. Thus, the land in question is insusceptible of acquisitive prescription, whether of full ownership or a servitude. See also Cucchiara v. Robinson, 34 So.2d 84 (La.App. 1st Cir.1948) (recordation of a map of subdivision in the parish conveyance records was a sufficient dedication of a road for public purposes); City of Shreveport v. Selber, 21 So.2d 738 (La.App. 2d Cir.1945) (intent to use a thoroughfare for a public purpose was obvious from the document of transfer from the vendor to the City, and included the whole 60-foot strip; not only the 37-foot paved portion); and City of Shreveport v. Walpole, 22 La.Ann. 526 (La.1870) (a third party, ^occupying lands that have been dedicated to the public use, is without the capacity to acquire title thereto).
However, public land can lose its public character through abandonment or non-use, at which time it can be acquired by a private landowner through acquisitive prescription. City of New Iberia v. Romero, 391 So.2d 548 (La.App. 3rd Cir.1980). I believe that the public character of the right-of-way has not been abandoned through non-use. Testimony showed that the Parish had granted various underground utility servitudes which continue to be active. Additionally, to decide what constitutes non-use of a right-of-way sufficient to allow a private citizen to begin acquiring rights by acquisitive prescription, we must first consider what kinds of use pertain to a right-of-way. A right-of-way owned by the Parish for future road expansion must necessarily remain undeveloped pending the necessity of road expansion and the Parish’s ability to procure the necessary approval and funding to expand the road. It is commonly known that the Parish is not free to expand a road at any time, and that more than ten years may elapse before the aforementioned necessary elements occur to allow road construction. Therefore, it would be wrong to allow the Parish’s non-use of the surface of the right-of-way for ten years or more to constitute abandonment of it, as the Parish is not free to use that portion of it at will for its intended purpose.
Additionally, I do not agree with the majority’s conclusion that plaintiffs were attempting to exercise ownership of the disputed land. The testimony was clear and unequivocal that the plaintiffs knew the Parish owned the land, and that they (the plaintiffs) knew they did not own it, and were not attempting to own it.
For the above reasons, I respectfully concur in the majority’s result only.