JANUARY, 1844. 349

Shepherd and another v. The Third Municipality of New Orleans.

JAMES H. SHEPHERD and another *v.* THE THIRD MUNICIPALITY OF THE CITY OF NEW ORLEANS.

The streets of a city, and the banks of a river on which it is built, are *loco publici*, and the municipal authorities are bound to see that the use of them by the public, is not obstructed. They cannot allow any erection thereon which may render their use incommodious; and, though they may tolerate, temporarily, works not deemed injurious to the rights of the public, no permission of a Council can prevent a subsequent Council from putting an end to such toleration. As where works have been permitted to be erected across the street and the bank, for the purpose of conveying timber to saw-mills built on lots fronting on the river, the municipal authorities may order such works to be removed, no one having a right to a permanent occupancy of the banks of a river.

The erection of wharves before the city of New Orleans and its suburbs, at such places as commerce may require, is a legitimate exercise of power by the Council of any of its Municipalities.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*Preston* and *Roselius,* for the appellants.

*Canon* and *Mazureau,* for the defendants.

MARTIN, J. The plaintiffs are appellants from a judgment which refuses them damages for an injury, which they contend they have sustained, in consequence of the Corporation having caused wharves and other works to be erected on the bank of the Mississippi, opposite to their lots, on which they had constructed, at great expense, valuable saw mills, from which they derived

great profit, by the erection of which works, they have been dis-abled from availing themselves of their mills, which they had put up with the consent and permission of the municipal authorities.

The mills having been built on lots of the plaintiffs, fronting on the river, but separated from it by a street, no consent or permis-sion was needed or given by the municipal officers, for their erec-tion ; but the City Council permitted certain works to be made across the street, and the bank of the river, to the water, to facili-tate the bringing of timber to the mills.   The street and the banks of the river are " *loci publici*"—out of commerce, and the muni-cipal authorities are bound to see that the use of them by the public be not obstructed ; but they have no power to allow any erection thereon which may render their use incommodious. They may, indeed, temporarily tolerate works thereon, which they may deem not injurious to the rights of the public ; but no per-mission of a Council can prevent a subsequent Council from put-ting an end to such toleration.   The plaintiffs do not complain of the positive destruction of any part of their property, but only of the exercise of the right by the Municipality, or rather of its com-pliance with its duty, to facilitate commerce, by the erection of new wharves in parts of the port where the extension of business in its opinion, demanded them.   The plaintiffs' and appellants' counsel has urged, that his clients have, in common with every inhabitant or stranger, the free use of the banks of the Mississippi, and that the Municipality cannot prevent any person from using these banks.   While they exercise a right which they have in common with others, no one can impede or obstruct their use of the banks while there is, close by the part which they occupy, a sufficient space left for others.   The counsel have told us, that a part of the bank, in the use of which the defendants have dis-turbed them, does not extend above sixty feet, the one-half of the front of the lots on which they have erected their mills.   No one has a right to a permanent occupancy of the banks of a river. The planter may land his crop thereon, but he must remove it. He cannot leave it there until he has found a purchaser.   The fisherman may, with a few boards, erect a temporary hut, in which he may shelter himself during the storm ; but he cannot erect any permanent building.   The municipal authorities employ offi-

cers whose duty it is to see that merchandize landed, or to be shipped, does not encumber the banks of the river, any longer than is strictly needed.

It appears to us, that the erection of wharves before the city of New Orleans and its suburbs, at such places as commerce may require, is a legitimate exercise of power in the Council of either of the Municipalities.  3 Mart. N. S., 140.

*Judgment affirmed.*