Bell vs. Edwards.

No. 9268.

JESSE K. BELL vs. J. D. EDWARDS.

| 37 | 475 |
| 45 | 432 |

A railroad switch or turn out laid, *without* municipal authority, on part of a public street, is a *nuisance*, which the owner of property, in front of which the same is used, is entitled to have abated, as inflicting injury peculiar to himself.

Such owner, however, has no standing, to champion the rights of others, in front of whose property the switch is laid *with* municipal authority, and who do not complain.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*Singleton, Browne & Choate* for Plaintiff and Appellee:

1. Streets and public places cannot be appropriated to private use. C. C. 454, 458, 863; Dillon's Mun. Corp., Secs. 61, 518; 2 Ann. 770; 3 M. 296, 303; 27 N. Y. 611; 4 Cald. 406, 419; 70 Pa. St. 210; 79 Pa. St 257; 56 Pa. St. 413.

2. The switch in question is an obstruction of the highway, especially injurious to plaintiff and his property, and liable to be removed as a nuisance. 3 L. 566; 4 M. 9; 6 R. 349; 6 East. 427; 35 Ann. 1062, 1074.

3. The ordinance relied on does not authorize the construction in front of plaintiff's property. Ordinance; 23 How 435; 6 Paige, 554; Dillon's Mun. Corp., p. 502, Sec. 55; 23 Pick. 71.

4. Public places cannot be used for public or private purposes so as to damage private property without just compensation. Constitution; American Law. Reg., vol. 23, p. 440. July number, 1884; 6 Barb. 313; 5 Barb. 79; 7 Barb. 508; 8 Barb. 427; 10 Barb. 360; 25 Wend. 462; 3 Hill, 567; 7 Hill, 575; 27 Barb. 207, 6 John. Ch. 439; 12 N. Y. 486; 19 Pick. 250.

*Leovy & Leovy* and *J. P. Blair* for Defendant and Appellant:

1. Under the charter of the city of New Orleans, the council has full power "to authorize the use of the streets for horse and steam railroads, and to regulate the same." Act 1882, p. 14. "The city charter vests the Mayor and common council with full power to make such by-laws and ordinances as are necessary and proper for regulating and making improvements in the streets." 14 Ann. 854, [842]; 27 Ann. 442; 34 Ann. 462; 35 Ann. 642.

2. "Contraventions of city ordinances by the railroad company cannot be a cause of action by private parties; unless they allege and show damage therefrom. The power to correct such abuse is *vested in the city*, under its police powers" 35 Ann. 641 [Syllabus]. *Special* damage must be proved. "The city, *alone*, could and should take steps to enforce the condition of its regulation." 35 Ann. 648; 34 Ann. 462; Pierce on Railroads, p. 648.

3. Where parties "have lain by and seen the work constructed upon their streets, for the benefit of their property," "they should be estopped from questioning the right of the city to make such improvements." 35 Barb. N. Y. Rep. p. 9.

4. "In case of doubt, the benefit thereof must be given to defendant, if his trade is a lawful one." 35 Ann. 641.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The object of this suit is to have a municipal ordinance annulled and the defendant denied the exercise of any rights under it.

The attacked ordinance grants to the defendant permission to lay a switch, or turn out, on Delta street, *between* Poydras and Gravier streets, *connecting his warehouse shops with the tracks of the Morgan's Louisiana and Texas Railroad*, to be located between the curb line and the inner rail of the track.

The plaintiff owns the property forming the corner of Delta and Gravier streets, between the last named street and Poydras street, measuring a front on Delta street of fifty feet, while the defendant owns six contiguous upper lots, measuring a front of at least one hundred and fifty feet on the same street, on which his warehouse shops are to be found.

The complaint is, that the defendant has acted in excess of the privilege conceded him by the municipal ordinance in this, that he has built the switch *from* Poydras to Gravier streets, while he should have made it terminate in front of his property and gone no further.

Privileges of this character should not be enlarged.

It is clear that, had the city designed to allow the defendant to build the switch, as he has done, the word *between* found in the ordinance would not have been used, but the word *from* would have been employed instead.

The patent intention was to confer on the defendant the right to extend the switch *from* the railroad tracks to connect the same with his warehouse shops and no further.

It appears that the track in front of plaintiff's property was designed and has been used, as a sort of *retreat* or stopping place for cars which have been unladen at and backed away from defendant's premises and which obstruct the way.

This unauthorized construction and use of the switch in front of plaintiff's property, is a nuisance, which he has a right to have abated, as inflicting injury peculiar to himself.

As the plaintiff has shown no legal interest in asking relief against the laying and use of the track or switch which is not in front of his property, we do not think that he can be heard to champion the rights of those who do not complain.

The view we have taken of the case, relieves us from the necessity of considering the other questions submitted by the plaintiff.

The district court has properly appreciated the facts and applied the law.

The judgment appealed from is affirmed with costs.