SOMMERVILLE, J.
Plaintiffs, citizens and taxpayers, living in Canal street, Houma, La., ask for a mandatory injunction to compel the defendant, the owner of a strip of land through which a canal runs, to remove the excavated earth which he has placed on the east bank of the canal, and which entirely blocks up Canal street on which their property fronts. This canal runs through the town of Houma, connecting Bayous Black and Terrebonne.
Defendant answers, admitting that he owns the canal referred to and the ground on either side of said canal; but he denies the right of plaintiffs to cause him to remove the embankment of earth from Canal street, for the reason that the town authorities have relieved him from the duty of moving same; and, if it must be removed, that the work of removing should be done by the contractor who did the excavating for him
There was 'judgment in favor of plaintiffs, and defendant has appealed.
[1] The evidence shows that the defendant caused his canal to be excavated, and that the excavated earth was placed on the east side of the canal, rather than on the west side; that the embankment was of such proportions as to block up Canal street entirely ; that in front of plaintiffs’ property it was several feet high; and that ingress and egress were denied plaintiffs along the front of their property. Such a quantity of earth on a public street is a public nuisance (Bell v. Edwards, 37 La. Ann. 475), and the person creating and maintaining same may be caused to remove it at his expense. He cannot be heard to answer that the nuisance was created by another person in his employ. Such person is not an independent contractor, as is claimed by defendant, for whose fault defendant may not be held in damages for the faulty manner in which he (the contractor) executed his contract.
Under the contractual relations by which defendant, and his ancestors in title, obtained much of the ground through which his canal runs, he was obligate'd to “give to the public forever a highway on each side of said canal.”1 The roadways on both sides of said canal have existed for many years, in accordance with those contractual obligations; and Canal street, in front of plaintiffs’ property, has been used as a public thoroughfare for years. Property has been sold in the town fronting on 'Canal street. And the plaintiffs, or the corporation authorities, may cause the embankment of earth complained of to be removed at the owner’s expense; and defendant cannot prevent the destruction or removal under any pretext, when it is shown that the said Canal street was a public street at the time that the excavated earth was placed thereon.
In Shepherd v. Third Municipality, 6 Rob. 349, 41 Am. Dec. 269, relative to certain valuable sawmills placed on the banks of a river, we say;
“The street and the hanks of the river are ‘loci publici’ — out of commerce — and the municipal authorities are bound to see that the use of them by the public be not obstructed; but they have no power to allow any erection thereon which may render their use incommodious. They may, indeed, temporarily tolerate works thereon, which they may deem not injurious to the rights of the public; but no permission of a council can prevent a subsequent council from putting an end to such toleration.” La. Construction Co. v. I. C. R. R., 49 La. Ann. 527, 21 South. 891, 37 L. R. A. 661.
[2] It is no answer for defendant to claim that the mayor of Houma permitted him to establish and maintain the nuisance complained of. Were defendant before the court to show that the excavated earth was placed temporarily on the street, and that he would remove same within a reasonable time, his case would be different. But he is making no such claim. He alleges that he cannot be made to abate the nuisance complained of.
It does not appear from the record that the municipal authorities of Houma have by ordinance attempted to permit defendant to *1093 establish the nuisance complained of. The most that has been shown in that direction was a contract entered into between the defendant and the mayor of Houma, wherein it was stipulated that defendant would not be required to remove the excavated earth from Canal street, or the east bank of the canal. The council would not have had the power to authorize such a contract, and the mayor was likewise without authority in the premises.
[3] As the town council of Houma do not appear to have taken any action in the premises whatever, the reference, by defendant, to Act No. 136, 1898, § 15, subd. 20, p. 231, and to Act No. 151, p. 231, of 1910, is without application, because Canal street has not been abandoned; and the council of the town of Houma have not attempted, by ordinance, to close same for any reason whatever.
Defendant complains that the judgment orders and directs him to remove the embankment not only from Canal street in the town of Houma, but also from the banks of the canal for its full length. We do not so construe the judgment appealed from. Plaintiffs complain of the nuisance in Canal street, in the town of Houma, and they ask that it be abated; and the judgment does not pretend to go beyond the limits of the town.
The judgment appealed from directs defendant to clear the roadway, 25 feet in width, along Canal street; and plaintiffs have answered the appeal, asking that the judgment be amended by ordering the defendant to remove all of the earth from the banks of the canal within the town limits of Houma. The reasons given by the district judge.for limiting the width to 25 feet is that the streets of Houma are of that width, and that plaintiffs are entitled only to have the nuisance complained of removed from the street to that extent.
Judgment affirmed.
PROVOSTY, J., absent on account of illness, takes no part.