(70 South. 874)

No. 21788.

CITY OF NEW ORLEANS v. KAUFMAN.

(Feb. 7, 1916.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS ☞602—STREETS —ORDINANCES—VALIDITY.

City Ordinance prohibiting the erection of sheds, signs, etc., in Napoleon avenue *held* to be valid.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. ☞602.]

2. MUNICIPAL CORPORATIONS ☞658—STREETS —PUBLIC USE—EXTENT OF RIGHT.

The public right to the use of the streets goes to the full width of the street, and extends indefinitely upward and downward.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1430; Dec. Dig. ☞658.]

3. MUNICIPAL CORPORATIONS ☞690—STREETS —PERMISSION TO OBSTRUCT—REVOCATION.

Municipal authorities may temporarily tolerate or permit minor obstructions to the full use of streets which they may deem not injurious to the rights of the public, but such toleration may be ended, or permission revoked, at any time by the same or any succeeding council.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1490, 1491; Dec. Dig. ☞690.]

Appeal from Recorder's Court of New Orleans; J. J. Fogarty, Recorder.

Charles Kaufman was convicted of violating an ordinance of the City of New Orleans, and appeals. Affirmed.

138 LA.—29

T. Semmes Walmsley, of New Orleans, for appellant. I. D. Moore, City Atty., and A. M. Buchmann, Asst. City Atty., both of New Orleans, for appellee.

LAND, J. Defendant has appealed from a conviction and sentence for violating a certain city ordinance forbidding the building of sheds over sidewalks.

Defendant demurred to the charge on the ground of the unconstitutionality of the ordinance in that it "was not adopted to safeguard public health, safety, morals, comfort, or for the general welfare, but that it embraces æsthetic considerations only."

The demurrer was overruled, and the defendant reserved a bill of exceptions, which does not appear from the record to have been drafted, signed, and filed.

The only question of law raised below is the one above stated, and no assignment of errors has been filed in this court.

[1] The ordinance under which the defendant was convicted, prohibits the erection of signs, sheds, or other obstructions on or over any part of the sidewalk, roadway, or neutral ground of Napoleon avenue between Water street and Broad street, and the portions of streets intersecting Napoleon avenue lying within 50 feet of said avenue, and compelling the removal of existing signs, sheds, and other obstructions. The ordinance excepts existing balconies of dwelling houses, and marquise or awnings to protect show windows, provided no signs or advertisements appear thereon. Defendant was arrested for constructing a shed over the sidewalk of Napoleon avenue.

The commission council has plenary power to suppress all nuisances, and "to open and keep open and free from obstruction all streets, public squares, etc." Act No. 159 of 1912, p. 264, § 6(3).

Appellant cites Calvo v. City of New Orleans, 136 La. 480, 67 South. 338, in which

this court held, as ultra vires of the city's charter and unreasonable, an ordinance declaring it unlawful "to establish or operate any sort of business whatever on Carrollton avenue," the purpose and object of the ordinance being "to confine buildings on said avenue for residential purposes only." In that case the ordinance interfered with the liberty of action and the property rights of the plaintiff, and was based on æsthetic considerations only.

The Calvo Case has no application to the case at bar, where the defendant has no legal right whatever to conduct his business in the street, or to obstruct any portion of the same on or above the ground, by sheds or other structures.

[2] More than a century ago, the superior court of the territory of Orleans, through Judge Martin, held that the city of New Orleans may remove, as a nuisance, buildings which encroach on the line of the street. Daublin v. New Orleans, 1 Mart. (O. S.) 187. In that case the court said in part:

"Streets are not the property of any one, they belong to the whole community. They are not the property of the corporation, for if they were the corporation could exclude the whole world from the use of them—on the contrary, the use of them belongs to the whole world."

This doctrine derived from the Roman law has been incorporated in all of our Civil Codes.

[3] In a much later case, the same distinguished jurist, sitting on the Supreme Bench of the state, said:

"The streets and banks of the river are 'loci publici,' out of commerce, and the municipal authorities are bound to see that the use of them by the public be not obstructed; but they have no power to allow any erection thereon which may render their use incommodious. They may indeed temporarily tolerate works thereon, which they may deem not injurious to the rights of the public; but no permission of a council can prevent a subsequent council from putting an end to such toleration." See Shepherd v. Municipality No. 3, 6 Rob. 349, 41 Am. Dec. 269.

The public right to the use of streets goes to the full width of the street and extends indefinitely upward and downward. Nessen v. City of New Orleans, 134 La. 462, 64 South. 286, 51 L. R. A. (N. S.) 324; McQuillin, Municipal Corps. § 2775, p. 5668.

It follows that the defendant had no legal right whatever to construct his shed above and over the sidewalk next to his property line, and that it was within the discretion of the commission council to prohibit and to penalize the erection of such an obstruction. Having the power to enact the ordinance, the motives of the council in so doing cannot be inquired into.

A city may prohibit the construction and maintenance of awnings in the streets, under a charter like that of the city of New Orleans, conferring full and plenary powers of municipal self-government. See Dillon, Mun. Corps. vol. 3, § 1186, pp. 1885 and 1886, and notes. See, also, 28 Cyc. pp. 850, 851; Id., pp. 859, 860.

Judgment affirmed.

O'NIELL, J., concurs in the decree.
PROVOSTY, J., takes no part.