No. ——

First Circuit

## DYER v. ALEXANDER

(Dec. 7, 1926. Opinion and Decree.)
(Jan. 7, 1927. Rehearing Refused.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Roads, Bridges and Ferries—Par. 10, 17; Pleading—Par. 62.**
In view of Revised Statutes 3380, a petition which states that the defendant

built a fence across the road which plaintiff uses along the bank of the river going to and from his property, states a cause of action.

2. **Louisiana Digest—Roads, Bridges and Ferries—Par. 10; Parties, Par. 11; Pleading—Par. 118.**

Where the proof shows that a road is closed by the action of the road board and the police jury and not by the defendants the right of action of a property owners to have the road opened is against them.

Appeal from the Parish of Ascension. Hon. Sam LeBlanc, Judge.

Action by T. Walter Dyer against Richard Alexander, et als.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

C. V. St. Amant, of Donaldsonville, attorney for plaintiff, appellant.

C. C. Weber, of Donaldsonville, attorney for defendants, appellees.

MOUTON, J.    The farm of plaintiff is situated on the north side of New River, and the property of defendants on the south bank. This river is not navigable. Plaintiff alleges that a public road runs along the south side of the river, and that defendants have without authority built a fence across this road. He is suing for the removal of this fence. Under such allegations, which must be taken as true under the exception of no cause of action filed by defendants, plaintiff had a right of action. R. S. 3380, 563; Mayor of New Orleans vs. Gravier, 11 M. (O. S.) 620; Shepherd vs. Third Mun. of City of New Orleans, 6 R. 349; Nicolopoule vs. His Creditors, 37 La. Ann. 475; Porche vs. Barrow, 134 La. 1090, 64 So. 918.

The first question presented for decision is as to whether or not there was a public road where plaintiff contends the fence was erected; and, second, was the obstruction placed there by defendants?

Plaintiff appeals from a judgment which resolves these questions adversely to his contention. The proof shows that for a number of years prior to the time the fence was built across the road, that this road was along the south side of the New River and had been generally used by the traveling public. This right of passage so enjoyed by the public was a mere discontinuous servitude, C. C. 727, and which could be established by title only, and could not be acquired by possession. C. C. 766. No dedication can be inferred by user alone, Beck vs. Flectas, 37 La. Ann. 497.

The record is barren of any proof that this road was ever declared a public highway by the police jury of the Parish of Ascension by which title could have been acquired thereto by the prescription of ten years under the provisions of Act 25 of 1904. There is also no proof to show that it had been worked for a period of three years by authority of the police jury of Ascension so as to make it a public road under the Act No. 220, 1914. As it was not a public road even if defendants had built the fence complained of, plaintiff could not have had a cause of action against them. It is, however, clearly shown that the road in question was ordered closed by the supervising board of the Fourth Road District of the Parish of Ascension; that the chairman of the board, acting in furtherance of this order, directed Ferris Gore to erect the fence across the road.

The proof shows that Gore built the fence in obedience to these instructions

and expended about fourteen dollars which under his order was paid by the treasurer of the Police Jury of Ascension. It is true one of the defendants indicated to Gore the line where the fence should be built, but this did not make him responsible for thus obstructing the road. The closing of the road was the act of the road board and of the Police Jury against which plaintiff should bring his suit if these public bodies can be held legally responsible.