342 So.2d 230 (1976)
Jasper K. WRIGHT, Jr., Testamentary Executor of the Succession of Jasper K. Wright
v.
DEPARTMENT OF HIGHWAYS of the State of Louisiana.
No. 11014.
Court of Appeal of Louisiana, First Circuit.
December 30, 1976.
Rehearing Denied February 14, 1977.
Writ Refused March 31, 1977.
Robert B. Butler, III, Houma, for plaintiff and appellant.
Charles A. O'Brien, III, Baton Rouge, for defendant and appellee.
Before LANDRY, COLE and CLAIBORNE, JJ.
CLAIBORNE, Judge.
This is a possessory action involving the use of airspace over a street previously dedicated for public use. At issue is the right of the Department of Highways to place a bridge over Concord Street which is located in Houma, Louisiana.
Prior to his death, Jasper K. Wright dedicated Concord Street, and related utility rights, to the public, reserving to himself the ownership of the street. In addition to that interest, his succession presently owns other property contiguous to the street. The Department of Highways is constructing a bridge and approaches over the intercoastal canal which is a short distance from *231 the plaintiff's property and part of the project requires a span over the street in question. The defendant has expropriated all necessary tracts in that vicinity but took no such action for the airspace immediately above Concord Street.
The plaintiff brought this action to enjoin that part of the project. The theory of his case is that, although the street itself has been dedicated to the public, this dedication included nothing more than the rights necessary for customary passage and that the right of aerial crossing is an entirely different burden upon the land which was not a part of the servitude granted.
The defense contends, however, that the servitude which the public enjoys on Concord Street is one of unrestricted passage and, as such, embraces the right to use and regulate the airspace above it to the extent contemplated here.
Without written reasons for judgment, the Trial Judge dismissed the plaintiff's case. We reverse.
The facts pertinent to this controversy have been stipulated by counsel. The formal dedication of Concord Street contains these provisions:

DEDICATION
"A servitude of passage is here created in favor of the public over the above designated roadway having a width of fifty (50') feet. This servitude shall be limited to the public to use and maintain same as a street or road for the purpose of public passage including the right to lay water and gas mains and maintain drainage structures and to provide electric and telephone service for the purpose of serving the occupants of the lands abutting said street. The owner reserves and maintains fee ownership of the roadway or street herein designated, including all of the minerals thereunder."
The plaintiff has abandoned on appeal certain contentions that it made in the District Court as to alleged trespasses by the defendant. Therefore, the only issue for decision here is whether the crossing of Concord Street by an overhead bridge is a different servitude from that originally dedicated by the grantor.
The plaintiff relies on Louisiana Power & Light Company v. Dileo, 79 So.2d 150 (La.App., 1st Cir. 1955) in which it was held that a power company could not install lines and poles on an existing highway department servitude except by obtaining the consent of the landowners or by expropriation because of the different nature of the two uses by two different parties. See also Koch v. Louisiana Power & Light Company, 298 So.2d 124 (La.App., 1st Cir. 1974). Here the owner of the servitude proposes to make a more extensive use of it. The question is whether the intended use is contemplated within the original servitude grant or on the contrary purports to increase the burden on the servient estate.
Appellee cites City of Baton Rouge v. State National Life Insurance Co., 271 So.2d 571 (La.App., 1st Cir. 1973) in which suit was to enjoin defendant from maintaining a canopy which projected into the airspace over Florida Street in Baton Rouge in contravention of a city ordinance. It actually extended a few inches over the travelled portion of the street. The lower court required removal only of that part over the travelled portion of the street and permitted the canopy to remain over the sidewalk. The City apparently conceded the correctness of the decision since it did not appeal. The decision was based on the right of the public to unobstructed use of the servitude. This case also holds that the City has the authority to regulate all the airspace above the street pursuant to the power granted to it as holder of the servitude.
There appears to be some confusion between the exercise of public servitude rights and the power to regulate under the police power.
The distinction is perhaps clearer in considering the power of the state to expropriate. In 29A C.J.S. Eminent Domain, § 6, p. 178 we find:
"Eminent domain takes property because it is useful to the public, while the police power regulates the use of, or impairs *232 rights in, property to prevent detriment to public interest; . . ."
Cases affirming the rights of the state to regulate under its police powers cannot be invoked to assert title or ownership of property rights.
In City of New Orleans v. Kaufman, 138 La. 897, 70 So. 874 (1916) the Supreme Court did say, as pointed out by Defendant:
The public right to the use of streets goes to the full width of the street and extends indefinitely upward and downward.
The holding of the case, however, is an affirmation of regulatory police powers, viz.:
"A city may prohibit the construction and maintenance of awnings in the streets, under a charter like that of the City of New Orleans, conferring full and plenary powers of municipal self-government."
In Nessen v. City of New Orleans, 134 La. 455, 64 So. 286 (1914), the cited source of the statement in Kaufman, the quotation is qualified, as follows:
The public right goes to the full width of the street and extends indefinitely upward and downward so far at least as to prohibit encroachment upon said limits by any person by any means by which the enjoyment of said public right is or may be in any manner hindered or obstructed or made inconvenient or dangerous. (Emphasis added.)
This language accords with the principles of servitudes as provided by the Civil Code, and affirms the rights of the public to full unhindered and unobstructed use of its servitude, but it does not raise the servitude to something akin to absolute and full ownership of the property.
Thus whereas City of Baton Rouge v. State National Life Insurance Co., supra, affirms the right of the city to regulate the airspace above a street by requiring the removal of an awning which interferes, obstructs or hinders the use of the street or makes it more inconvenient or dangerous, it does not necessarily follow that the City may further burden the servient estate by claiming rights to all airspace above the street. To say that the public's rights extend indefinitely upward does not mean infinitely upward.
In the case at bar, the existing servitude is a servitude of passage for the public to use and maintain as a street or road. The roadway is designated, named and shown on a map. There is nothing in the dedication from which it can be inferred that anything but a surface level street or road was contemplated. Such surface use extends indefinitely upward to the extent that its enjoyment by the public will be unhindered and unobstructed. Articles 753 and 780 of the Civil Code provide as follows:
"Art. 753. Servitudes which tend to affect the free use of property, in case of doubt as to their extent or the manner of using them, are always interpreted in favor of the owner of the property to be affected." (Emphasis added.)
"Art. 780. If the title by which a passage is granted does not designate its breadth, nor the manner in which it is to be used, whether on foot, or horseback, or with carriages, the use which the person to whom the servitude is granted previously made of it will serve to interpret the title.
"If there was no such use made of it before, the probable intention of the parties must be considered, and the purpose for which the passage is granted.

If these circumstances can afford no light, it must be decided in favor of the land which owes the servitude, and a foot passage must be conceded eight feet wide, where it is straight, and ten feet wide where it turns." (Emphasis added.)
From the foregoing articles we must infer that where the state intends to make use of a servitude of passage to an extent or in a manner not without doubt contemplated by the grantor, it cannot do so without acquiring an additional servitude to allow the intended uses.
For the foregoing reasons, the judgment willbe reversed, and there is judgment for the plaintiff enjoining the defendant from *233 the disturbance of plaintiff's possession, such injunction to remain in effect until such time as the defendant institutes expropriation proceedings for acquisition of the additional servitude necessary for the proposed uses. Appellee will pay all costs for which it is liable under the law.
REVERSED AND RENDERED.