Dear Senator Riser and Councilman Dark,
You both have requested an opinion of this Office regarding the construction of a private emergency road to service three Caldwell Parish schools: Caldwell Parish High School, Caldwell Parish Junior High, and Caldwell Parish Preschool ("Schools").
In your request, you stated that the Caldwell Parish Police Jury ("Parish") would like to construct and maintain a nonpublic "road" to be used only as an access or departure route from the schools in emergency circumstances. The intended purpose for this "road" would be safety. According to information that you have provided to us, the only current access route to the school is through a very busy highway which also parallels railroad tracks. In considering the safety of all individuals who visit these schools, the Parish is willing to construct and maintain an alternate access route to these schools.
Construction and Maintenance of Private Road by theParish
An issue arises with regard to the actual route that would be used to create such a road, since this road would need to cross over the land of several private landowners. These landowners are willing to give rights-of-way to the Parish and the School Board, but only *Page 2 
if this access route will be locked at both ends of the road andwill not become a "public road" to be used by the general public.[1]
La.R.S. 32:1(51) defines "private road or driveway" as "every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." In considering the facts, it appears that the intended "road" would likely be better characterized as a "driveway" to be used for access to the Schools. In either case, the Civil Code states that "[a] road may be either public or private" and that "[a] private road is one that is not subject to public use."[2] Therefore, whether labeled a "road" or a "driveway," this access route would clearly need to be designated as private in nature. The Civil Code states that "[p]rivate things are owned by individuals, other private persons, and by the state or its political subdivisions as private persons."[3] From the facts stated in your request, it appears that the land beneath the "proposed road" would remain owned by the private landowners; these landowners would, therefore, need to give their express written permission for the Parish to use the land in question.
Your primary concern appears to be the language found in La.R.S. 48:491, and whether a road must become public if the parish constructs or maintains it. La.R.S. 48:491 (A) states that:
[a]ll roads or streets in this state that are opened, laid out, or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality shall be public roads or streets, as the case may be (emphasis added).
While La.R.S. 48:491 (A) asserts that "all roads . . . shall be public roads, as the case may be," La.R.S. 48:491 (D) additionally states:
[n]otwithstanding any other provisions of law to the contrary, any road or street used by the public is a public road or street provided it is designated as such by the local governing authority, and it shall be within the discretion of the local governing authority to maintain the road up to a private drive; however, no road or street on private property shall be *Page 3 
designated as a public road unless ownership is transferred or the right of way is given to the local governing authority (emphasis added).
In applying La.R.S. 48:491 to the facts, the proposed road at issue would: (1) clearly not be designated as a public road, and (2) would only be constructed after obtaining express written permission (a right-of-way) from the appropriate landowners.[4]
Given that Caldwell Parish would be acquiring the use of this private immovable property, the ownership of the property itself would remain with the private landowners. Therefore, if the landowners are willing to donate use of the property for one purpose and not another, they must simply make the donated right of way conditional upon that specific purpose.
La.C.C. art. 697 states that:
Predial servitudes may be established by an owner on his estate or acquired for its benefit.
The use and extent of such servitudes are regulated by the title by which they are created, and, in the absence of such regulation, by [the general rules provided in the Civil Code].
Therefore, these private landowners may grant a written servitude of passage to Caldwell Parish for only emergency purposes. A "servitude of passage is [a] right for the benefit of the dominant estate whereby persons, animals, or vehicles are permitted to pass through the servient estate."[5] Here, the private landowners would be the servient estate, and Caldwell Parish (Police Jury and School Board) would be the dominant estate. The Civil Code further states that "[d]oubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate," which would be the private landowners in this case.[6]
Courts have consistently upheld both express and tacit interpretations of written servitudes, and have also interpreted servitudes in favor of the servient estate. As an example, the Third Circuit Court of Appeal has held that the conveyance of a roadway to a police jury, for dam construction and a wildlife habitat project, did not create any *Page 4 
public right of way upon the road.[7] In another example, the First Circuit Court of Appeal held that a servitude that ran parallel to a body of water for the purpose of "of public passage including the right to lay water and gas mains and maintain drainage structures and to provide electric and telephone service for the purpose of serving the occupants of the lands abutting said street" could not be used by the Louisiana Department of Highways (now Department of Transportation and Development) for constructing a bridge, which would ultimately cross the body of water which ran alongside the existing servitude.[8] The court reasoned that "we must infer that where the state intends to make use of a servitude of passage to an extent or in a manner not without doubt contemplated by the grantor," and held that "it cannot do so without acquiring an additional servitude to allow the intended uses."[9]
It is the opinion of this Office that as long as the private landowners explicitly designate the permissible uses of the servitude being granted, keeping this access route "private" should not be a problem.
Caldwell Parish Police Jury Constructing and MaintainingPrivate Road for School Board
The issue of whether the Caldwell Parish Police Jury can legally construct and maintain a private road, which will only be used by Caldwell Parish Schools (in emergency situations), must also be addressed with regard to La.Const. art. VII, § 14, the general prohibition against public entities gratuitously alienating public funds or property.
La.Const. art. VII, § 14 provides, in pertinent part, the following:
(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
 * * *
(C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other . . . *Page 5 
Article VII, § 14 "is violated when public funds or property are gratuitously alienated."[10] It has been the consistent opinion of this Office that in order for an expenditure of public funds to be permissible under Louisiana Constitution Article VII, § 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.[11]
Sub-section (C) of Article VII, § 14, which allows public entities to enter into cooperative endeavor agreements with one another or private entities, merely supplements the prohibition against gratuitous donations contained in section (A) of La.Const. art. VII, § 14.[12] It does not create an exception to or exemption from the general constitutional norm.[13] Therefore, even though the expenditure of public funds and transfer of public property is being done pursuant to a cooperative endeavor agreement, the expenditure still must be examined in light of La.Const. art. VII, § 14(A).[14]
In considering the construction and maintenance of a private emergency access road by the Caldwell Parish Police Jury, to Caldwell Parish High School, Caldwell Parish Junior High, and, and Caldwell Parish Preschool, it appears that all requirements of La.Const. art. VII, § 14 have been satisfied because Caldwell Parish has the authority to build roads, [15] the expenditure is for a legitimate public purpose (public safety), the expenditure does not appear to be gratuitous when taken as a whole, and Caldwell Parish can easily justify the expenditure considering safety and convenience benefits provided to the citizens of Caldwell Parish by creating this emergency pathway.
While the requirements of La.Const. art. VII, § 14 appear to be satisfied, this Office recommends the creation of a cooperative endeavor agreement between the Caldwell *Page 6 
Parish Police Jury and School Board, summarizing the details of any future agreements between these separate political subdivisions, to ensure no future disagreements arise with regard to the proposed use, construction, or maintenance of this private road.
 CONCLUSION
The Caldwell Parish Police Jury may enter into a servitude or right of way to construct and maintain a private road to be used as an emergency access route to and from Caldwell Parish High School, Caldwell Parish Junior High, and Caldwell Parish Preschool, because such an expenditure appears to meet the requirements of La.Const. art. VII, § 14. Any servitudes or rights of way granted by private landowners to the parish for the construction of the private emergency road should be written and specify any permissible or nonpermissible uses of the servitude itself. The Caldwell Parish Police Jury and School Board should enter into a cooperative endeavor agreement with regard to use, construction, and maintenance of the private road to ensure no future disagreements between the police jury and school board on this issue.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ DANIEL D. HANRY JR. Assistant Attorney General
JDC/DDH, JR/jv
[1] It should be noted that the proposed road being discussed herein has not been dedicated as "public". The current opinion request seeks advice on constructing and maintaining an emergency road to be used only for private use (of the School Board), instead of restricting access to a "public road."
[2] La.C.C. art. 457.
[3] La.C.C. art. 453.
[4] The right of way would be a predial servitude from the private landowner under La.C.C. Art. 697, discussed herein below.
[5] La.C.C. art. 705.
[6] La.C.C. art. 730.
[7] State v. Kitterlin Creek, LLC, 02-1063 (La. App. 3 Cir. 2/5/03), 838 So.2d 926.
[8] Wright v. Department of Highways,342 So.2d 230 (La. App. 1 Cir 1977).
[9] Id at 232.
[10] Board of Directors of the Industrial Development Board ofthe City of Gonzales, Louisiana, Inc. v. All Taxpayers, PropertyOwners, Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11,20.
[11] See La. Atty. Gen. Op. Nos. 10-0171, 09-0271, 09-0259, 09-0251, 09-0146 and 07-0050A.
[12] La. Atty. Gen. Op. No. 09-0069.
[13] Id.
[14] Id.
[15] See La.R.S. 33:1236(2)(a).