*407
 
 PONDER, Justice.
 

 Jack Allen leased his monument business in the City of Monroe to Nona E. Martin and Emma Lee Short for a period of one year, beginning January 1st and ending December 31st, 1942, at a monthly rental of $75. The property leased consisted of Lot 9 and the west ten feet of Lot 8 in Square 76 of Breard’s Addition to the city, with improvements, appurtenances and certain movable property located thereon. The lease was executed on November 24, 1941 and contained an agreement giving the lessees the option to purchase the leased property together with Lot 4 in the same square for a consideration of $8,000 at the end of any month within the term of the lease. It is set out in the contract that a deed to the property was contemporaneously executed to the lessees in pursuance to the agreement which was to be placed in escrow with the trust officer of the Canal Savings Bank and Trust Company, to be -delivered to the lessees upon their compliance with the optional agreement. The deed was executed in compliance with the agreement and placed in escrow with the trust officer.
 

 On May 18, 1921, a 13 foot strip of land running through Squ'are 76, between Lots 4 and 9, was dedicated as an alleyway. This dedication was revoked by an ordinance of the city, adopted October 30, 1941. The revocation of the dedication was not filed in the conveyance records until March 9, 1942. It was not of record at the time that Allen leased the property to Martin and Short and the• option to buy the lots was given.
 

 On June 11, 1942, Jack Allen sold to Louis Milner and J. R. Fuller Lots 4 and 9 and the west 10 feet of Lot 8, being the same lots he had previously contracted to sell to Martin and Short. In this deed that portion of the 13 foot alleyway lying between the lots was particularly described and conveyed to Milner and Fuller. The vendor also assigned in this deed all of his rights and interest in his contract with Martin and Short. The consideration for the sale was $6,185, cash.
 

 Some time thereafter, Martin and Short exercised their option to purchase the property by paying the consideration to Milner and Fuller, who had acquired all of Allen’s right in the contract, and secured the deed that had been previously placed in escrow, which they filed in the Conveyance Records of Ouachita Parish.
 

 The plaintiffs herein, Martin and Short, brought the present proceedings against the defendants, Fuller and Milner, seeking to remove the cloud from their title, the purported transfer of the portion of the alleyway abutting their lots. The suit was converted into a petitory action and upon trial the lower court gave judgment recognizing the plaintiffs to be the owners of the lots and the defendants to be the owners of the portion of the alleyway lying between the lots. The plaintiffs have appealed.
 

 
 *409
 
 The sole dispute is over the ownership of that portion of the alleyway lying between the aforementioned lots. The appellants take the position that the deed executed by Allen, conveying the lots to them, impliedly transferred to them whatever interest that Allen had in the alleyway. While, on the other hand, the appellees take the position that the appellants acquired the lots only and that they should be decreed the owners of the portion of the alleyway lying between the lots because it was specifically transferred to them by Allen. They contend that when they acquired the portion of the alleyway it was the property of Allen and not that of the plaintiffs.
 

 We have been cited a number of common law authorities that render us no aid because the dedication and its revocation are governed by statutes. The dedication was made in pursuance to' the provisions of Act 134 of 1896 and the revocation is governed by Section 2 of'Act 151 of 1910 and Section 2 of'Act 382 of 1938. Under these latter statutes,, the soil embraced in an alleyway up to the center line reverts to the. then present owners of the contiguous lands when a dedication is revoked.
 

 When Allen contracted to sell the lots to the plaintiffs, the revocation-of the dedication had not been recorded in the conveyance records. The plaintiffs had a right to rely on the records as they stood at the time the contract was entered into. Ever since the opinion was handed down in the case of McDuffie v. Walker, 125 La. 152, 51 So. 100, this Court has consistently held that a person acquiring real estate has a right to rely upon the conveyance records and that any notice or knowledge dehors these records is not equivalent to registry.
 

 At the time that Allen contracted to sell the property to the plaintiffs the conveyance records reflected that an alleyway existed between these lots. Streets and alleyways are indispensable to the enjoyment of urban property. The conveyance of property abutting streets and alleyways carries with it the indispensable u'se and enjoyment of the streets and alleyways. The transfer of'the lots abutting the alleyway impliedly gave whatever was necessary to the enjoyment of the lots. In the-case of Richard v. City of New Orleans, 195 La. 898, 197 So. 594, 595, we made the following pronouncement:
 
 “A
 
 sale of land abutting on a street conveys a moiety of the street, unless a contrary intention is clearly indicated.” The appellees challenge this pronouncement and contend that it is purely argumentative and based on a theory. A careful consideration reveals that the pronouncement is sound and founded on law and reason. The reason the statutes provide that the soil embraced in an alleyway up to the 'center line, úpon revocation of the dedication, reverts to the then present owners of the land' ‘contiguous thereto is because this portion'of the alleyway is indispensable' to the full
 
 *411
 
 enjoyment of the contiguous property. When the plaintiffs contracted to purchase the property they had a right to rely on the conveyance records, as they then stood, showing the lots were abutting on an alleyway whose benefits they would receive. They had a right to rely on the fact that the alleyway afforded them access from one piece of the property to the other. In transferring the lots, the grantor impliedly transferred all that was necessary for the full enjoyment of the property, unless a contrary intention was indicated.
 

 When the defendants acquired the property, subject to the plaintiffs’ contract, and all the interest that Allen had in the contract, they not only knew that the revocation was not of record at the time plaintiffs’ contract was executed, but they assumed all the obligations flowing from that contract.
 

 As a general rule, parol or extrinsic evidence cannot be resorted to in interpreting a deed where there is no ambiguity in the description of the property. But these rules do not apply where the transactions are so interwoven and tied together as in the present case. All of the provisions in these transactions may, be considered in arriving at the true intention of the parties and what property Allen actually conveyed to the plaintiffs. It is apparent- that Allen intended to transfer to the plaintiffs all the property he owned in Square
 
 76.
 
 In his contract with the plaintiffs he transferred the monument business to the plaintiffs and agreed not to engage in competition with them. It is equally apparent that the plaintiffs were acquiring the business with all the property and rights that Allen had that were necessary to the use and full enjoyment of the business.
 

 The appellees lay stress on the fact that the plaintiffs, having knowledge that the defendants had a deed purporting to convey them the portion of the alleyway, did not complain at the failure of the deed, they received when they exercised their option, to contain a specific conveyance of this portion of the alleyway. If the deed had been executed at the time the option was exercised, the plaintiffs’ right to the portion of the alleyway may have been subject to some question, but the deed was executed, prior to the time the revocation was placed of record, and placed in escrow long before the appellees acquired any interest from Allen. The plaintiffs had contracted for the delivery of the deed, upon their compliance with the option, as previously executed.
 

 For the reasons assigned, the judgment of the lower court is amended by decreeing the portion of the alleyway in dispute to be the property of the plaintiffs. As thus amended, the judgment is affirmed. All costs to be paid by the appellees.
 

 McCALEB, J., concurs.
 

 HAWTHORNE, J., dissents and assigns, written reasons.