692 So.2d 1024 (1997)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
Alfred SCRAMUZZA, et al.
Nos. 96-C-1796, 96-C-1820.
Supreme Court of Louisiana.
April 8, 1997.
Rehearing Denied May 30, 1997.
*1025 Thomas Lee, Harahan, Mack E. Barham, Robert Elton Arceneaux, Travis Louis Bourgeois, Jerry B. Jordan, Barham & Arceneaux, New Orleans, for Alfred Scramuzza, et al.
Ronald Joseph Bertrand, Bertrand & Soileau, Rayne, for State of Louisiana, DOTD.
VICTORY, Justice.[*]
We granted writs of certiorari in this case to determine whether La.R.S. 48:701 requires a formal revocation of statutorily dedicated streets or whether the streets revert to the adjoining landowners upon mere abandonment by the parish. After review, we find that formal revocation is necessary before the streets revert to the adjoining landowners.

FACTS AND PROCEDURAL HISTORY
In 1988, the State of Louisiana, through the Department of Transportation and Development (the "DOTD"), expropriated eleven parcels of land in St. Charles Parish for construction of a highway interchange at Airline Highway and Interstate 310. The expropriated property consisted of "paper" subdivisions in two platted and recorded business park subdivisions north of Airline Highway which were approved by St. Charles Parish but never developed. The subdivisions contained a network of streets statutorily dedicated to St. Charles Parish. Neither the streets nor the subdivisions were ever constructed. The defendants in these expropriation suits are the property owners of the expropriated land.[1]
A jury trial was held to establish values for the land taken and damages and the jury returned a verdict awarding certain severance damages to the landowners, plus $0.38 per square foot to each landowner, except Larsen Motor Lines, Inc., who was awarded $0.86 per square foot. The land values were consistent with the testimony of the DOTD's expert appraiser, Jack Evans.
After the landowners filed Motions for Judgment Notwithstanding the Verdict (JNOV), Alternative New Trial, or Alternative Additur regarding the land values, severance damages and attorney fees, the trial judge increased the compensation for the land taken to $1.75 per square foot for all landowners except Larsen, whose compensation *1026 was increased to $2.23 per square feet, and increased the attorney fees to $125,000.00. The trial judge found that the DOTD's expert testimony was legally insufficient to support the jury verdict. Because the trial judge had not ruled on the Alternative New Trial when it granted the JNOV, the court of appeal remanded the DOTD's appeal. State through DOTD v. Scramuzza, 594 So.2d 521 (La.App. 5th Cir.1992). The trial judge then conditionally granted the Motion for New Trial in the event the JNOV was reversed by the court of appeal.
The court of appeal reversed the trial judge's grant of the JNOV and new trial, finding that the evidence at trial was legally sufficient to constitute a preponderance of the evidence and that the trial court erred in passing on the credibility of the witnesses and weighing the evidence in granting the JNOV. State through DOTD v. Scramuzza, 608 So.2d 1069 (La.App. 5th Cir.1992). This Court granted the landowner's writ of certiorari and issued the following order:
The judgment of the court of appeal is reversed insofar as it reverses the district court's judgment granting defendants a conditional new trial. The judgment of the district court granting a new trial is reinstated.
Otherwise, the application is denied. Case remanded to the district court for further proceedings.
State through DOTD v. Scramuzza, 610 So.2d 809 (La.1993).
In the second jury trial, the jury again awarded compensation for the land taken in accordance with the testimony of the DOTD's expert appraiser, Jack Evans, including in the compensation the value of the streets taken within each parcel. The jury did not award delay damages or severance damages. Again the trial judge granted the landowners' Motions for New Trial and JNOV, again finding that the DOTD's expert appraiser's testimony was legally insufficient and entitled to no weight. The trial judge increased the compensation awarded to the landowners, and awarded delay damages and attorney fees.
The court of appeal again reversed the JNOV and New Trial Motions for the same reasons it did in the first appeal and reinstated the jury verdict. State through DOTD v. Scramuzza, 95-CA-786-796 (La. 5th Cir. 4/30/96), 673 So.2d 1249. The court of appeal affirmed the jury verdict, including the award to the landowners of compensation for the land represented by the streets. Because the streets were never built, the court of appeal found that the streets never served a public purpose and that under La. R.S. 48:701, even in the absence of a formal revocation, the dedication of the streets was "revoked" and the streets reverted to the contiguous landowners. Id. at 1259. Accordingly, the state owed reimbursement to the contiguous landowners at the same rate as the surrounding land. Id. We granted the DOTD's writ to consider the correctness of this ruling.[2]State through DOTD v. Scramuzza, 96-1796, 96-1820 (La.11/1/96), 681 So.2d 1255.

DISCUSSION
The streets in this subdivision were statutorily dedicated to St. Charles Parish in the 1960s.[3] The lower courts found that the *1027 streets reverted to the landowners' ownership under La.R.S. 48:701 which provides as follows:
The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets.
The court of appeal found that a formal act of revocation is unnecessary under La.R.S. 48:701 and that the dedication of streets in this case was revoked by abandonment because the streets were never needed for public purposes. 673 So.2d at 1259.
We disagree. When this Court first examined this issue, we found that when the Legislature delegated to police juries the power over the revocation of dedicated streets that had been abandoned or no longer needed for public purposes, "it [was] necessarily within the scope of the police power thus delegated to these political bodies by the Legislature to look into and determine whether the street is an abandoned street or is no longer needed for public purposes." Caz-Perk Realty, Inc. v. Police Jury of Parish of East Baton Rouge, 207 La. 796, 22 So.2d 121, 124 (1945). Accordingly, we found, a police jury's determination that a street is abandoned or no longer needed for public purposes would not be disturbed unless such finding was arbitrary or capricious. Id.
Soon thereafter, we held that revocation of a statutorily dedicated street had to be duly recorded to affect third parties. Martin v. Fuller, on rehearing, 214 La. 404, 37 So.2d 851 (1948). We recognized that while neither the recordation of a plat with dedicated streets nor the revocation of the dedication is a sale or contract, "both of these transactions just as effectively transfer title to the property as if the same had been conveyed by a contract of sale, whether executed by a notarial act or an act under private signature." 214 La. at 423, 37 So.2d 851. Accordingly, when the buyer bought the property and the public records showed the property was traversed by a dedicated alleyway, the buyer "had the right to assume that until the contrary appeared on the public records, this alleyway was still dedicated to public use." Id.
Thus Caz-Perk and Martin clearly hold that a police jury must look into the issue of whether a street has been abandoned or no longer needed for public purposes before it can revoke a dedication and that any revocation must be recorded to affect third parties. That a revocation must be recorded necessarily implies that the evidence of the revocation is contained in a written document.
However, confusion over whether a formal act of revocation is necessary under La.R.S. 48:701 has arisen in the courts of appeal from *1028 our decision in Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977).[4] In Robinson, the plaintiff was killed on a bridge built by the State and the Beauregard Parish Police Jury. The bridge was found to be public property under La.R.S. 48:491 which provides that "[a]ll roads or streets in this state that are opened, laid, or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish ... shall be public roads or streets, as the case may be." La. R.S. 48:491(A). After stating that "[o]nly upon abandonment by the public body could the bridge have lost its character as a public structure," we held:
Abandonment of a public road must be evidenced by (1) a formal act of revocation in accordance with R.S. 48:701, (2) relocation of the public road by the governing body, or (3) clear and well-established proof of intent by the governing body to abandon. Starnes v. Police Jury of Rapides Parish, 27 So.2d 134 (La.App. 2d Cir. 1946). Nonuse of a strip of land as a public road or street for a period in excess of ten years may also result in termination of the public use. C.C. 789; Yiannopolis, "Common, Public, and Private Things in Louisiana: Civilian Tradition and Modern Practice," 21 La.L.Rev. 696, 736 (1961).
351 So.2d at 116.
However, all four examples of evidence of abandonment do not apply to statutorily dedicated streets. The bridge in Robinson was public property because it was built by the State, a fact not necessarily evident from a search of the public records. To the contrary, a statutory dedication accomplished through the filing of a correct map of the platted or subdivided lots showing the streets dedicated to the public is a matter of public record. As explained in Martin v. Fuller, such dedication transfers ownership to the same extent as a contract of sale and thus any change in ownership of the streets needs to be recorded.
In addition, the case relied on in Robinson did not involve the statutory dedication of a road but rather appears to have involved a servitude. See Starnes, supra. Likewise, Civil Code article 789 specifically applied only to "a right to servitude." La.C.C. art. 789 (1872). A servitude does not involve ownership and proof of intent to abandon or 10 years non-use are not sufficient to transfer ownership. Clearly, in the case of a servitude, 10 years non-use and intent to abandon are appropriate considerations in determining whether revocation has occurred. However, we have held that in the case of a statutory dedication, actual use by the public is unnecessary and the policy jury can at any time decide to use the street in question. Arkansas-Louisiana Gas Co. v. Parker Oil Co., on rehearing, 190 La. 957, *1029 183 So. 229 (1938). Furthermore, La.R.S. 48:701 provides that upon revocation, ownership reverts to the "then present owners" of the land contiguous to the streets. The land contiguous to the streets may have been bought and sold several times since the streets were statutorily dedicated. Therefore, there must be some formal act of revocation so that the parties will know exactly when the dedication was revoked and thus to whom ownership of the land reverted. Accordingly, the only requirement set forth in Robinson that applies to a statutorily dedicated public road is the first requirement, i.e., a formal act of revocation in accordance with La.R.S. 48:701.[5]
Accordingly, we hold that a formal act of revocation is necessary to revoke a statutory dedication under La.R.S. 48:701. This is consistent with the view expressed by Professor Yiannopolis that "[w]hen the public owns the land on which roads and streets are built, as in the case of a formal or statutory dedication, the public interest may be terminated only by a formal act of the parish or municipal authorities." Yiannopolis, Civil Law Treatise, Property, Vol. 2, Sec. 104, p. 227 (1980). This view is also consistent with the numerous courts of appeal that have held that a formal act of revocation is necessary to revoke a statutorily dedicated street. See footnote 4, infra.

CONCLUSION
Where there was a statutory dedication of streets in the 1960s and no formal revocation of the dedication, the streets did not revert to the adjacent landowners. Since the landowners did not own the land encompassing the streets, the DOTD does not owe the landowners any compensation for the value of that land taken in an expropriation.

DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed in part and affirmed in part. The judgment of the court of appeal is reversed insofar as it allows any recovery to the landowners for the value of the land encompassing the dedicated streets. In all other respects, the judgment of the court of appeal is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
LEMMON, J., dissents and assigns reasons.
JOHNSON, J., dissents.
NOTES
[*] Marcus, J., not on panel. Rule IV, Part 2, § 3.
[1] The defendants are: Alfred Scramuzza, Patricia and Margaret Terranova, John M. Key et al, Floyd H. and Christine Putnam, Rumold and LaFranca et al, Louis P. Martin, Kwong Yet Lee and Henry Lee, Louis L. Babin, Jr. et al, Robert J. Doskey individually and d/b/a American Land and Development Co. and Larsen Motor Lines, Inc. (owner of the only parcel with frontage on Airline Highway).
[2] We also granted the landowners' writ, 96-C-1820, which assigned as errors the following: the court of appeal erred in reversing the district court's grant of JNOV; the court of appeal erred in reversing the district court's grant of new trial; and, the court of appeal erred in failing to award or affirm delay damages. Upon review of the record, we find no merit to the arguments in 96-C-1820.
[3] The record reflects a formal statutory dedication accomplished through the filing of the subdivision plats in the Parish records. We assume that this was done pursuant to La.R.S. 33:5051 which provides:

Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square of lot or any portion of same, cause the real estate to be surveyed and platted or subdivided by a licensed surveyor or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record of such parish, and a duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from 1 up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed surveyor or civil engineer of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use.
[4] Several appellate courts have interpreted Robinson to mean that neither a formal act nor recordation is necessary to revoke a statutory dedication of a street. See American Sec. Bank of Ville Platte v. Rebokus, 527 So.2d 71 (La.App. 3d Cir.1988); Bulliard v. Delahoussaye, 481 So.2d 747 (La.App. 3d Cir.1985). Other cases cite Robinson for the proposition that no formal act of revocation is necessary but in these cases, the public only had a servitude of passage over the roads in question. See IP Timberlands Operating Co. v. De Soto Parish Police Jury, 552 So.2d 605 (La.App. 2nd Cir.1989); Stelly v. Vermilion Parish Police Jury, 482 So.2d 1052 (La.App. 3d Cir.), writ denied, 485 So.2d 65 (La.1986).

Other courts of appeal have held that a formal act of revocation is necessary to revoke a statutory dedication of a street. Miller v. Calcasieu Parish Police Jury, 441 So.2d 306, 308 (La.App. 3d Cir.1983), writ denied, 444 So.2d 121 (La. 1984) (noting that the Police Jury followed the "normal procedure that is customarily accepted as policy in these type abandonment matters" where the Police Jury published a notice of the intent to abandon three times in a local journal.); Herring v. Guitreau, 619 So.2d 1161, 1163 (La. App. 1st Cir.1993) (public notice is necessary before the police jury can revoke a statutorily dedicated street); Walker v. Coleman, 540 So.2d 983, 985, 986 (La.App. 2nd Cir.1989) (holding that only upon a formal determination by a police jury that a statutorily dedicated street is no longer needed for public purposes does the street cease to be public); Covington v. Glockner, 486 So.2d 837 (La.App. 1st Cir.), writ denied, 488 So.2d 693 (La.1986) (holding that private persons may not acquire by acquisitive prescription formally dedicated alleyways, which the City had not used for 100 years, unless there has been an express revocation of the dedication); Schmit v. St. Bernard Parish Police Jury, 504 So.2d 619 (La.App. 4th Cir.), writ denied, 508 So.2d 89 (La.1987) (private party cannot acquire street formally dedicated to public use by acquisitive prescription).
[5] The second requirement of Robinson, relocation of a public road, is inapplicable to this case.