Dear Representative Fontenot:
You have requested two opinions of this office relative to some concerns about the Lakeland Acres Subdivision located in the City of Denham Springs.
As you may know, this office has previously declined to render an opinion to the City of Denham Springs on some of the problems associated with Lakeland Acres Subdivision and the adjoining property until presented with a complete set of facts describing the situation out of which a concise question of law arises. According to the procedures which govern the issuance of written legal opinions of this office, the City of Denham Springs was advised that this office will not seek out the facts or attempt to infer what are the questions of law to be addressed from a general description of a problem.
It is also the policy of this office not to furnish opinions where the prospect of litigation appears imminent. A review of the information furnished with the previous opinion request clearly indicates that any problems associated with Lakeland Acres Subdivision also impacts the owners of the adjoining property, which sets up the strong possibility that litigation will result unless the rights and interest of all parties involved are respected.
In light of the above, our response to the legal questions you have asked should be considered as very general or basic answers, which could be subject to change based upon more specific and detailed information concerning the properties at issue.
Can the City of Denham Springs revoke the road ends in LakelandAcres Subdivision?
It appears that the streets in Lakeland Acres Subdivision were statutorily dedicated with the filing of the subdivision plats. However, the information that we have received reflects that the streets are dedicated to the parish, not the city, because the city did not annex the subdivision until 1993. Thus, the parish continues to own the streets in the subdivision even after annexation. See Opinion Nos. 88-529 and 93-155.
Pursuant to La. R.S. 48:701, parish governing authorities or municipal corporations of the state, except the Parish of Orleans, may revoke the dedication of streets within their respective limits when the streets have either been (1) abandoned or (2) are no longer needed for public purposes. A governing authority's determination that a street is abandoned or no longer needed for public purposes will not be disturbed by the courts unless such findings were arbitrary or capricious. A formal act of revocation is necessary to revoke a statutory dedication under La. R.S. 48:701, and must be recorded to affect third parties. SeeState v. Scramuzza, 692 So.2d 1024 (La. 1997). Finally, La. R.S.48:701 provides that upon revocation the ownership of the road bed up to the center line reverts to the present owners of land contiguous to the street.
Can the City of Denham Springs designate the road ends inLakeland Acres Subdivision as perpetual bus stops?
A recent opinion of this office, No. 98-384, addressed the issue of incompatible use of dedicated but unused road beds. This opinion in reviewing several decisions of the Louisiana Supreme Court concluded that the Court will generally find that dedications made to the public must be strictly construed according to the terms of the dedication, and that the use of the property may not be changed where it would substantially interfere with the purpose for which the property was dedicated. The Louisiana Supreme Court, when addressing this issue, has looked at the facts of each case to determine whether an incompatible use will substantially interfere with the use of the property as dedicated.
While it is our policy not to issue opinions on questions of fact, we believe the above legal considerations will assist in the determination of whether a conversion of the road ends to perpetual bus stops would constitute an incompatible use that would substantially interfere with the use of the dedicated but unused road ends. This determination can be made by the City of Denham Springs. Once the streets in Lakeland Acres Subdivision were incorporated into the city by virtue of the annexation in 1993, the city became responsible for the administration and maintenance of the streets. See Opinion No. 93-155. As city streets for administrative purposes, the city has the authority to regulate traffic upon those streets. La. R.S. 32:41(A).
Finally, you have posed several questions concerning a recorded map of Range Park, which is located south of Interstate I-12 exit in Denham Springs. You state that the map contains a "Proposed Undedicated 50 foot Rights-of-Way". In addition the map contains standard dedication language to the effect that all streets and rights-of-way are dedicated to the perpetual use of the public, and that no buildings shall be constructed within the limits of any servitude.
You question whether the "Proposed Undedicated 50 foot Rights-of-Way" is valid or whether it in fact constituted a dedication because of the general dedication language also found on the map? Additionally, you question whether the City of Denham Springs would be in violation of any law for allowing construction to take place within this "Proposed Undedicated 50 foot Rights-of-Way"?
In order to effect a statutory dedication of a street to the public, where full ownership of the road bed would be vested in the public, it must appear that the owner of the land irrevocably dedicated the street to public use. The term "Proposed Undedicated 50 foot Rights-of-Way" does not establish such an intent; and, thus, there would be no statutory dedication. However, if it can be shown that the "Proposed Undedicated 50 foot Rights-of-Way" were actually built and used by the public, then there would be an implied dedication, which only creates a servitude of passage in favor of the public. See Becnel v. CitrusLands of Louisiana, Inc., 429 So.2d 459 (La.App. 4th Cir. 1983).
If there has been no dedication of the area contained within the "Proposed Undedicated 50 foot Rights-of-Ways", either statutorily or impliedly, then construction within that area would be permissible.
We hope that the above will be of assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp
Attachments: